James W. ROBINSON *v.* STATE of Arkansas

CR 81-52                    624 S.W. 2d 312

Supreme Court of Arkansas
Opinion delivered November 23, 1981

*John L. Kearney* of *Kearney Law Offices,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. This is the second appeal of this case. We reversed Robinson's conviction and ordered a new trial in *Robinson* v. *State,* 269 Ark. 90, 598 S.W. 2d 421 (1980) because of erroneous jury instructions. Robinson shot and killed his girl friend and her mother in a shopping center in Pine Bluff, Arkansas. He was convicted a second time and sentenced to life imprisonment without parole. The facts of the case are contained in our first opinion.

On this appeal there is only one significant issue and that relates to the trial court's refusal to rule that a psychological examiner was an expert witness on insanity. When the judge so ruled, counsel for Robinson requested a continuance which was denied, and later requested a mistrial, which was also denied.

All three rulings were within the discretion of the trial court and we cannot find a manifest abuse of that discretion. The judgment is affirmed.

Robinson's defense was not guilty by reason of insanity. Several expert witnesses testified for the State. Robinson called as one of his witnesses a psychologist who had given Robinson a battery of psychological tests. After the witness answered that he held a master's degree in clinical psychology and had practiced for thirteen years it was requested

that the witness be ruled an expert. The State sought to question the witness further and it was elicited that the witness was merely a psychological examiner, not a clinical psychologist or consulting psychologist. The witness conceded that his findings had to be supervised by a psychiatrist or consulting psychologist and that in this case such a supervisor was not present when he tested or consulted with Robinson. He could offer no report approved by such a supervisor. The defense argued that the witness had testified in several trials and the question of his expertise had never been raised. But the judge correctly pointed out that that argument was simply makeweight. There was no other evidence of the extent of the experience or ability of the witness.

An extensive hearing, both in chambers and in front of the jury, was held. It consisted mostly of argument. Finally the judge ruled that the witness could not offer an opinion on the mental state of Robinson, but would be limited to testifying as a psychological examiner and "layman."

Robinson has two main objections to the judge's ruling. First, he argues that the witness was qualified as an expert and, second, that the defense was surprised because this same witness had been ruled an expert at the first trial and, therefore, the defense needed time to produce another witness.

It is always discretionary with the trial court whether a person is qualified as an expert in a particular field. That discretionary decision will only be overturned if we find it manifestly wrong. *Parker* v. *State*, 268 Ark. 441, 597 S.W. 2d 586 (1980); *Smith* v. *State*, 258 Ark. 601, 528 S.W. 2d 389 (1975), cert. denied 425 U.S. 912 (1976). Based on the information given to the judge and the arguments of counsel, the judge concluded that the psychologist was not qualified to offer an opinion as to insanity or mental illness. He sustained objections to questions that touched on that area. He ordered stricken such answers as the defendant "was suffering from a mental illness," and that one of the tests "suggested that [Robinson] had a strong drive to escape present reality;" another test suggested that [Robinson] was

extremely emotionally unstable. The psychologist was allowed to describe the tests Robinson was given and the results of those tests, but his findings were essentially excluded. It is argued that Ark. Stat. Ann. § 28-1001, Rule 702 (Repl. 1979) controls the situation and that the court had to permit the testimony. That rule reads:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, or training, or education, may testify thereto in the form of an opinion or otherwise.

Every opinion offered must have a basis, whether expert or lay; that is, a witness must be qualified by education or circumstance to have an opinion that will carry some weight and be of assistance to the fact finder. Whether one is qualified is a question of law to be decided by the trial judge. *Gibson v. Heiman,* 261 Ark. 236, 547 S.W. 2d 111 (1977).

Neither party argued to the court below, nor to us on appeal, the import of Ark. Stat. Ann. §§ 72-1501 — 72-1518 (Repl. 1979) which define the role, qualifications and responsibilities of various types of psychologists. We can find nothing in these statutes which clearly says that a psychological examiner is qualified to offer his own opinion on mental illness or insanity unless he is supervised.

The fact that the witness was allowed to testify at the first trial without objection is irrelevant to whether he was actually qualified as an expert. This was a separate trial. Both parties were starting anew bound only by any limitations of law laid down in the first case. There is no indication that the issue was raised in the first trial. *See Robinson v. State, supra.* The issue is whether the court ruled properly during this trial.

Counsel for Robinson claimed surprise by the turn of events and made a motion for a continuance which was denied. Again, the question is whether the trial court abused its discretion. *Parker v. State, supra.* The preparation and

presentation of a case for trial promises few gratuities. The witness never appeared to have been qualified to testify as the defense suggests, and there were no good reasons shown why the defense should not have known that the witness held limited credentials in the field of mental illness. The court did permit the witness to testify within the area of his expertise and we find no manifest abuse of discretion that resulted in prejudice.

It is argued that photographs admitted in both of Robinson's trials inflamed and prejudiced the jury. We held in *Robinson* v. *State, supra,* that the photographs were admissible and that ruling became the law of the case. *Gibson* v. *Gibson,* 266 Ark. 622, 589 S.W. 2d 1 (1979); *Wilson* v. *Rodgers,* 256 Ark. 276, 507 S.W. 2d 508 (1974).

We have examined the record as we are required to do in a case of imprisonment for life without parole, and finding no prejudicial error, affirm the conviction.

Affirmed.