ARKANSAS WRITERS' PROJECT, INC. *v.* Charles D. RAGLAND, Commissioner of Revenue of the State of Arkansas

85-115                                          738 S.W.2d 402

Supreme Court of Arkansas
Opinion delivered November 2, 1987

*House, Wallace & Jewell*, by: *Anne Owings Wilson*, for appellant.

*Wayne Zakrzewski*, Revenue Legal Counsel, for appellee.

JACK HOLT, JR., Chief Justice. At issue is whether or not this court will exercise jurisdiction over the appellant's 42 U.S.C. §§ 1983 and 1988 claims.

This case has a long history. Seven years ago, in 1980, the appellee, state, assessed appellant, Writers' Project, on the sales of its *Arkansas Times Magazine*. Appellant initially contested the assessment but reached a settlement with the state and began to pay the tax. However, appellant reserved the right to renew its challenge if there were a change in the tax law or a court ruling bringing the tax into question. The Supreme Court's ruling in *Minneapolis Star & Tribune Co.* v. *Minnesota Commissioner of Revenue*, 460 U.S. 575 (1983), brought the tax back into question. In 1984, appellant filed a complaint in the Chancery Court of Pulaski County asking that it be declared exempt from the tax and for relief under 42 U.S.C. §§ 1983 and 1988. In March of 1985, Chancellor Bruce Bullion granted exemption by summary judgment in favor of appellant on state statutory grounds, ignoring the §§ 1983 and 1988 issues. We reversed on statutory grounds, *Ragland* v. *Arkansas Writers' Project, Inc.*, 287 Ark. 155, 697 S.W.2d 94 (1985), and, on rehearing, on federal constitutional grounds, 287 Ark. 155, 698 S.W.2d 802

(1985). In 1987, the Supreme Court reversed this court and held that the tax was unconstitutional. The most telling paragraph of the opinion of the Court provides:

> If articles in Arkansas Times were uniformly devoted to religion or sports, the magazine would be exempt from the sales tax under § 84-1904(j). However, because the articles deal with a variety of subjects (sometimes including religion and sports), the Commissioner has determined that the magazine's sales may be taxed. In order to determine whether a magazine is subject to sales tax, Arkansas' "enforcement authorities must necessarily examine the content of the message that is conveyed. . . ." *FCC* v. *League of Women Voters of California*, 468 U.S. 364, 383, 104 S. Ct. 3106, 3119, 82 L. Ed. 2d 278 (1984). Such official scrutiny of the content of publications as the basis for imposing a tax is entirely incompatible with the First Amendment's guarantee of freedom of the press. *See Regan* v. *Time, Inc., supra*, at 648, 104 S. Ct. at 3266.

*Arkansas Writers' Project, Inc.* v. *Ragland*, 107 S. Ct. 1722, 1728 (1987).

The court remanded the case for the purpose of having this court decide whether the courts of Arkansas should exercise jurisdiction under appellant's 42 U.S.C. § 1983 claim and award attorney fees under 42 U.S.C. § 1988, stating:

> The parties recognize that federal and state courts have concurrent jurisdiction over actions brought under § 1983, *see, e.g., Martinez* v. *California*, 444 U.S. 277, 283 n. 7, 100 S. Ct. 553, 558 n. 7, 62 L. Ed. 2d 481 (1980), although the Tax Injunction Act, 28 U.S.C. § 1341, ordinarily precludes federal courts from entertaining challenges to the assessment of state taxes. The parties disagree, however, on whether the state court *must* exercise jurisdiction in such cases. We leave it to the court on remand to consider the necessity of entertaining this claim.

*Arkansas Writers' Project, Inc.*, 107 S. Ct. at 1730.

■ Arkansas courts in the past have recognized and exercised jurisdiction over § 1983 claims. *See Burden* v. *Hayden*, 275 Ark. 93, 627 S.W.2d 555 (1982); *Jaggers* v. *Zolliecoffer*, 290

Ark. 250, 718 S.W.2d 441 (1986); *Robinson* v. *Beaumont*, 291 Ark. 477, 725 S.W.2d 839 (1987); *Home Indemnity Co.* v. *City of Marianna*, 291 Ark. 610, 727 S.W.2d 375 (1987). We entertain jurisdiction of the appellant's § 1983 claim in this instance. Accordingly, we remand this claim to the trial court to fix appropriate attorneys' fees pursuant to § 1988.

Remanded.

Glaze, J., not participating.