Robert A. NORMAN *v.* Josephine L. NORMAN

01-734                                    66 S.W.3d 635

Supreme Court of Arkansas
Opinion delivered February 14, 2002
[Petition for rehearing denied March 21, 2002.]

*T.B. Patterson, Jr., P.A.*, for appellant.

*James A. McLarty, III*, for appellee.

RAY THORNTON, Justice. This action stems from an earlier appeal. *Norman v. Norman*, 334 Ark. 225, 970 S.W.2d 270 (1998) (*Norman I*). In that case, we were asked to determine whether C. Burt Newell, an attorney with Bachelor, Newell & Oliver, had a conflict of interest that would require him to disqualify from representing appellee, Josephine Norman, in an action seeking to enforce an alimony provision contained in a 1978 divorce decree dissolving the marriage between herself and appellant, Robert Norman. The alleged conflict of interest resulted from the fact that Latt Bachelor, a partner along with Mr. Newell in the Bachelor, Newell & Oliver law firm, was a former associate of George Callahan and Mr. Callahan had represented appellant in the 1978 divorce action. We held that Mr. Newell should have disqualified from representing appellee and remanded the case.

Our mandate was entered on July 17, 1998, and on September 1, 1998, appellant filed a motion seeking a judgment from appellee, Mrs. Norman, and from Mr. Newell, and Bachelor, Newell & Oliver for attorney's fees, costs, and other personal expenses incurred in defending the case brought by Mrs. Norman, using Mr. Newell as her attorney. Appellant alleged that he had incurred expenses in excess of $20,000. On September 11, 1998, Mr. Newell filed a response to appellant's motion stating that he was not liable to appellant for costs or attorney's fees. Bachelor, Newell & Oliver did not respond to the motion. Neither Mr. Newell nor Bachelor, Newell & Oliver were joined as parties to the on-going litigation between appellant and appellee.

On September 17, 1998, appellee filed a motion requesting a voluntary dismissal of her suit against appellant. On September 10, 1999, the chancellor entered an order finding that there was no cause of action between appellant and Bachelor, Newell & Oliver. The trial court also noted that there was no showing that the firm had ever been named as a party or properly served. Additionally, the chancellor found that this court had previously ruled on the issue of whether appellant was entitled to costs and attorney's fees, and therefore found that our ruling was the law of the case. The trial court further found that the motion sought damages, not fees, and that appellant did not have standing to seek to have the fees charged by Mr. Newell to his client, Mrs. Norman, "disgorged." Finally, with respect to the claim against Mr. Newell, the chancellor

found that there was constitutionally deficient notice to Mr. Newell and that Mr. Newell had a right to know the nature of the claim asserted against him by appellant. Appellant appealed this order.

In an opinion handed down by this court on October 26, 2000, we determined that appellant was appealing from an order that was not final. *Norman v. Norman*, 342 Ark. 493, 30 S.W.3d 83 (2000). Specifically, we determined that because the chancellor had not granted appellee's motion to voluntarily dismiss her action, there was still an action pending in the chancery court and that pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure we were precluded from considering an appeal from an order that was not final.

On March 6, 2001, the chancellor granted Mrs. Norman's motion for voluntary dismissal. On April 4, 2001, appellant filed a notice of appeal seeking to appeal the chancellor's orders entered September 10, 1999, and March 6, 2001. We affirm the chancellor.

■■ We review chancery cases *de novo* on the record, but we do not reverse a finding of fact by the chancellor unless it is clearly erroneous. *Crawford & Lewis v. Boatmen's Trust Co. of Arkansas, Inc.*, 338 Ark. 679, 1 S.W.3d 417 (1999). We will affirm the trial court when it has reached the right result, even though it may have announced the wrong reason. *Madden v. Aldrich*, 346 Ark. 405, 58 S.W.3d 342 (2001).

■■ We first address the issue of whether either Mr. Newell or Bachelor, Newell & Oliver were parties to the on-going litigation between appellant and appellee. There is no showing in the record to support a contention that either Mr. Newell or his law firm were joined as parties to the litigation between Mr. and Mrs. Norman. We have held that the rules of civil procedure govern the conduct of parties to a legal action. *See Reynolds v. Guardianship of Sears*, 327 Ark. 770, 940 S.W. 2d 483 (1997) (holding that the rules of civil procedure inherently apply to parties to an action). According to *Black's Law Dictionary*, a "party" is:

> [A] person concerned or having or taking part in any affair, matter, transaction, or proceeding, considered individually. A "party" to an action is a person whose name is designed on record as plaintiff or defendant. [The] term, in general, means one having right to control proceedings, to make defense, to adduce, and cross-examine witnesses, and to appeal from a judgment.

> "Party" is a technical word having a precise meaning in legal parlance; it refers to those by or against whom a legal suit is brought, whether in law or equity, the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons; all others who may be affected by the suit, indirectly or consequently are persons interested but not parties.

*Black's Law Dictionary* 1122 (6th ed. 1990); *see also Reynolds, supra.*

■ We hold that neither Mr. Newell nor his law firm was a party to the Norman's divorce action. We further conclude that because Mr. Newell and his law firm were not parties to the divorce action, they should not have been served with appellant's motions; they were not required to respond to appellant's motions; and they were not required to offer a defense to appellant's motion. Accordingly, we affirm the chancellor.

We are not persuaded by appellant's argument that he had a valid action against Mr. Newell and his law firm based on our holding in *Liles v. Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986). In *Liles*, we affirmed the decision of the trial court in assessing damages including attorney's fees and costs against an attorney for his tortious actions. While gathering information to use against Barbara Liles in a pending divorce action, the attorney, Dave Harrod, entered into a conspiracy with Tommy Liles to defraud Barbara of her marital assets. Barbara understood Harrod to be representing her and spent all day in his office preparing for a divorce action. Harrod told her that he was her attorney. He prepared an addendum to a trust, a property settlement agreement, and an entry of appearance on Barbara's behalf. The trust addendum named Harrod as trustee. At the end of the day, Harrod advised Barbara that he would no longer be representing her but that he would be representing Tommy. Harrod then filed Tommy's divorce petition. *Id.* It is clear that Harrod not only established privity with Barbara by representing himself to be her attorney, but he also became a party to a conspiracy to defraud her of her property.

■ The facts in this case are inapposite to those in *Liles*, and the holding in *Liles* is not controlling on the outcome of this case. Here, our decision that Mr. Newell should be disqualified from representing Mrs. Norman was not based upon a showing of tortious actions or fraudulent behavior. Mr. Newell was not a party to the divorce action and his failure to disqualify from representation of appellee in accordance with our code of ethics did not create a cause of action against him in favor of appellant. Accordingly, we

have no hesitancy in holding that a tort action against a non-party attorney cannot be sustained under the facts in this case.

Having reached the conclusion that neither Mr. Newell nor his law firm were ever made parties to the underlying divorce action, we need not specifically address the other arguments in appellant's brief asserting claims against Mr. Newell or Bachelor, Newell & Oliver.[1]

We next turn to the question whether appellant's September 1, 1998, motion seeking attorney's fees and costs from appellee, Mrs. Norman, was properly denied by the chancellor. Appellant contends that the chancellor erred when he determined that the issue of recovering attorney's fees from appellee was barred by the doctrine of law of the case. Appellant further argues that appellee should be required to pay his "attorney's fees, costs, through this appeal and subsequent proceedings, together with any other expenses he incurred as a result of the wrongful pursuit of the claim of defendant by Mr. Newell."[2]

On this issue, the chancellor found "the award of fees and costs is a matter within the jurisdiction of the Arkansas Supreme Court which has ruled making that issue the rule of the case." In our mandate issued July 17, 1998, we awarded appellant $100.00 for filing fee, $500.00 for preparation of his brief, and $1,460.65 for preparation of the record. We did not award attorney's fees to appellant.

We cannot agree with the chancellor's finding that the law of the case doctrine controls this issue. As appellant points out in his brief, this issue was not ripe for consideration until we determined in *Norman I* that Mr. Newell's conflict of interest precluded his representation of appellee.

Notwithstanding our conclusion that the chancellor erroneously applied the doctrine of the law of the case as the basis for his denial of appellant's request for attorney's fees from appellee, we hold that the chancellor reached the right result. Specifically, we hold that appellant was not entitled to attorney's fees from appellee

---

[1] *See also* Ark. Code Ann. § 16-22-310 (Repl. 1999).
[2] We note that appellant also argues that Mr. Newell and Bachelor, Newell & Oliver should be jointly and severally liable with appellee for these costs. Because we have already determined that neither Mr. Newell nor his firm was a party to the Norman's litigation, we decline to address this argument.

because he failed to properly request that he be reimbursed for such fees. Rule 54 of the Arkansas Rules of Civil Procedure governs requests for attorney's fees. The rule provides:

(e)(1) Attorneys' Fees. Claims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

(2) Unless otherwise provided by statute or order of the court, the motion must be filed and served *no later than 14 days after entry of judgment; must specify the judgment and the statute or rule entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.* If directed by the court, the motion, shall also disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made.

*Id.* (emphasis added).

█ █ The entry of judgment triggering the application of Rule 54 was our mandate issued on July 17, 1998. Under Rule 54 a motion for attorney's fees must be filed no later than fourteen days from the entry of the order of the court. Here, the motion was filed on September 1, 1998, approximately forty-six days after the entry of our mandate. We also note that appellant's untimely motion did not provide the chancellor or this court the specific statute or rule that would entitle him to such fees. Because appellant failed to comply with Rule 54(e) of the rules of civil procedure, we hold that appellant is not entitled to receive attorney's fees or other expenses from appellee, Mrs. Norman.

█ In appellant's last point on appeal, he argues that the chancellor erred on several rulings. First, appellant argues that the chancellor erred in failing to strike the pleadings filed by Mr. Newell on behalf of appellee. Appellant did not receive a ruling from the chancellor on this issue. We have held that the failure to obtain a ruling from the trial court is a procedural bar to our consideration of the issue on appeal. *Madden, supra.* Because appellant failed to obtain a ruling from the chancellor on this issue, we are precluded from considering this issue on appeal.

█ Next, appellant argues that the chancellor erred in granting appellee's motion for nonsuit. Appellant does not support this contention with a convincing argument or citation to authority. Where no citation to authority or convincing argument is offered,

we decline to address the issue on appeal. *See City of Van Buren v. Smith*, 345 Ark. 313, 46 S.W.3d 527 (2001) (holding that this court does not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority).

Affirmed.