Cartrell Lewan McCOY *v.* STATE of Arkansas

CR 01-762                                          74 S.W.3d 599

Supreme Court of Arkansas
Original opinion delivered March 14, 2002[1]

[Supplemental opinion on denial of rehearing
delivered April 18, 2002.][2]

*William R. Simpson, Jr.*, Public Defender; *Brett Qualls* and *Steve Abed*, Deputy Public Defenders, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

D ONALD L. CORBIN, Justice. Our decision reversing the judgment of conviction was delivered on March 14, 2002. *McCoy v. State*, 347 Ark. 913, 69 S.W.3d 430 (2002). The

---

[1] *Reporter's note*: *McCoy v. State*, 347 Ark. 913, 69 S.W.3d 430 (2002).

[2] *Reporter's note*: The supplemental opinion was issued after the printing contract had been awarded to a new vendor; hence, the text appears separately, in a different volume.

State filed a petition for rehearing on April 1, 2002. In the petition, the State asserts that we erred as a matter of law by refusing to reach the merits of its alternative argument for affirmance. Particularly, the State argued that this court could have affirmed Appellant's conviction, even though he was wrongly denied the right to have the jury consider his guilt on a lesser-included offense, on the ground that the instruction proffered by Appellant for the lesser offense did not accurately state the law. The State contends that our decision on this issue effectively abolishes the affirmance rule, wherein an appellate court may affirm the trial court's ruling if it was the right result, though it announced the wrong reason. We deny rehearing in this case, but we issue this supplemental opinion to clarify this issue for future cases.

■ Contrary to the State's urging, our opinion in this case did not hold that the State must raise every possible alternative ground for affirmance in the trial court, before it may be considered on appeal. Rather, our holding was that, based on the particular facts of this case and the specific issue raised by the State, the affirmance rule was not applicable. As we pointed out in the opinion, this court has consistently recognized that a trial court is *required* to give a model instruction unless it finds that the instruction does not accurately state the law. *See In Re: Arkansas Model Criminal Instructions*, 264 Ark. Appx. 967 (1979) (*per curiam*). Thus, our holdings have created a presumption that the model instruction is a correct statement of the law. As such, any party who wishes to challenge the accuracy of a model instruction, be it the State or a defendant, must rebut the presumption of correctness. Undeniably, a party cannot rebut the presumption if the issue is not even raised in the trial court.

■ In the present case, the trial court's ruling was such that Appellant was not entitled to have the jury consider *any* instruction on the lesser-included offense of attempted second-degree murder. We concluded that this ruling was erroneous. Notwithstanding, the State invited us to affirm Appellant's conviction on the ground that the *model* instruction proffered by him was not a correct statement of the law. The State did not, however, challenge the instruction in the trial court. Because a presumption of accuracy attends all model jury instructions, the burden was on the State to convince the trial court otherwise, in order to rebut the presumption. Thus, under the circumstances, the State was

required to raise this particular issue below if it intended to rely upon it on appeal. Because it did not, we properly declined to address the argument.

Rehearing denied.