Gary Kent JONES *v.* Linda K. FLOWERS and Mark Wilcox, Commissioner of State Lands

07-409                                                    283 S.W.3d 551

Supreme Court of Arkansas
Opinion delivered April 17, 2008

*Lavey and Burnett*, by: *John L. Burnett*; and *Public Citizen Litiga-tion Group*, by: *Deepak Gupta, Michael T. Kirkpatrick*, and *Brian Wolfman*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Patricia Van Ausdall Bell*, for appellee Mark Wilcox.

Tom Glaze, Justice. This case is an appeal from an order by the Pulaski County Circuit Court denying a request for attorney's fees under 42 U.S.C. § 1988(b). In *Jones v. Flowers*, 547 U.S. 220 (2006), the United States Supreme Court held that when a mailed notice of a tax sale is returned unclaimed, a state must take additional reasonable steps to attempt to provide notice to the prop-erty owner before selling his property, if it is practicable to do so — reversing this court's decision in *Jones v. Flowers*, 359 Ark. 443, 198 S.W.3d 520 (2004). Upon remand from the Supreme Court for proceedings consistent with its opinion, this court in turn remanded the case to the Pulaski County Circuit Court on September 21, 2006. Jones filed a status report on November 14, 2006, asserting that all that remained for the circuit court to do was to enter a final judgment for Jones and set the case for proceedings to determine relief, and stated the following:

> Because Jones is the prevailing party, he is entitled to recovery of his attorney's fees at each stage of this litigation. In his Complaint, Jones requested that he "recover from defendants his attorney fees incurred in the prosecution of this cause . . . ." Jones made a federal constitutional challenge to state action and won. Thus he is entitled to recover fees from the State under 42 U.S.C. § 1988.

Following a status conference on November 15, 2006, the circuit court issued an order denying Jones's request for attorney's fees because "[t]he first mention of 42 U.S.C. § 1983 was in [Jones's] Status Report filed on November 16, 2006."[1] Jones appeals, arguing

---

[1] The status report was actually filed on November 14, 2006, and Jones cited § 1988 rather than § 1983 as the order states. Also, Jones did request attorney fees in his original complaint before the Pulaski County Circuit Court.

that an action does not have to be specifically pled under § 1983 for entitlement to attorney's fees under § 1988(b).[2]

42 U.S.C. § 1983 provides a means to allow a plaintiff to obtain relief in federal courts if he can show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). A court has discretion to award reasonable attorney's fees for a successful § 1983 action. 42 U.S.C. § 1988(b) (2000).

It appears that most, if not all, federal courts of appeal that have considered this issue have held that regardless of whether a plaintiff specifically cites 42 U.S.C. §§ 1983 or 1988 in his original pleadings, a successful constitutional challenge is a proceeding to enforce § 1983 within the meaning of § 1988. For example, in *Goss v. City of Little Rock*, 151 F.3d 861 (8th Cir. 1998), a landowner (Goss) filed an action against the City of Little Rock in federal district court, alleging an unconstitutional taking. The federal court dismissed the claim and denied Goss's request for attorney's fees because his complaint did not cite § 1983 as the basis for his action. The Eighth Circuit reversed on appeal, holding that the substance of the action, rather than the form of the pleading, should determine the applicability of attorney's fees under § 1988(b). *Id.* at 866. The Eighth Circuit first examined the language of § 1983, and the meaning of "a proceeding to enforce" § 1983, and noted the following:

> As the Supreme Court has observed, the meaning of "a proceeding to enforce" § 1983 is unclear on its face because § 1983 does not create substantive rights that a person can "enforce" in the typical sense of the word. Instead § 1983 establishes a means by which people can enforce the Constitution. It simply provides that, when a state actor violates a person's constitutional rights, that person can sue the state actor. That, of course, is exactly what Goss did. Indeed, § 1983 does nothing more than make lawsuits like this one possible. Thus Goss did enforce § 1983 in that he did precisely what it authorizes people to do.

*Id.* at 865 (internal citations omitted).

---

[2] Flowers filed a motion in the circuit court, stating that all issues between her and Jones have been settled, and Jones similarly filed a motion to dismiss Flowers from the appeal. Accordingly, the sole appellee is the Arkansas Commissioner of State Lands.

The Eighth Circuit then turned to the legislative history of § 1988(b), and found that "Congress was more concerned with the substance of plaintiffs' claims than with the form in which those claims are presented" and that the " 'function of an award of attorney's fees [under § 1988(b)] is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel.' " *Id.* at 865 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986). The Eighth Circuit held that Goss's claim was indeed a meritorious civil rights claim, although he did not cite § 1983, and " 'the legislative history makes it perfectly clear [§ 1988(b)] was intended to apply in any action for which § 1983 provides a remedy.' " *Id.* (quoting *Maher v. Gagne*, 448 U.S. 122, 129 n.11 (1980)). Additionally, the Eighth Circuit held that it is irrelevant if a party prevails in an action on grounds other than § 1983 in determining whether attorney's fees should be awarded under § 1988; instead, " '[i]f § 1983 would have been an appropriate basis for relief, then [the plaintiff] is entitled to attorney's fees under § 1988 even though relief was actually awarded on another ground.' " *Id.* at 866 (quoting *Consolidated Freightways Corp. v. Kassel*, 730 F.2d 1139, 1141-42 (8th Cir. 1984).

The Eighth Circuit holding in *Goss* — that substance prevails over form in determining whether attorney's fees are appropriate under § 1988(b) where a plaintiff fails to explicitly plead or present a claim under § 1983 — appears to be consistent with other federal circuit courts that have addressed the issue. *See, e.g., Ams. United for Separation of Church & State v. Sch. Dist. of Grand Rapids*, 835 F.2d 627, 631 (6th Cir. 1987) ("[Section] 1983 is concerned with the substance of the prevailing party's action, rather than the form in which it is presented"); *Haley v. Pataki*, 106 F.3d 478, 481-82 (2d Cir. 1997) (failure to plead § 1983 is not fatal to a claim for attorney's fees if the pleadings and evidence present a substantial claim for which § 1983 provides a remedy) (quoting *Ams. United*, 865 F.2d at 631); *Thorstenn v. Barnard*, 883 F.2d 217, 218 (3d Cir 1989) (rejecting the argument that the plaintiffs' failure to cite § 1983 in their complaints barred their request for attorney's fees under § 1988).

The State does not present any counter-argument to Jones's § 1983 analysis and argument, but instead now asserts that under Ark. R. Civ. P. 54(e), Jones forfeited his entitlement to attorney's fees because he failed to file the motion within fourteen days of this

court's mandate on September 21, 2006.[3] A final judgment under Ark. R. Civ. P. 54(a) is "one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy." *Looney v. Looney*, 336 Ark. 542, 547-48, 986 S.W.2d 858, 861 (1991) (quoting *McGann v. Pine Bluff Police Dep't*, 334 Ark. 352, 355, 974 S.W.2d 462, 463 (1998)); *see also Petrus v. Nature Conservancy*, 330 Ark. 722, 957 S.W.2d 688 (1997). This court has consistently interpreted Ark. R. Civ. P. 54(e) to be applicable only upon an entry of judgment that finally concludes the controversy for which attorney's fees are sought. *See, e.g., Crawford County v. Jones*, 365 Ark. 585, 232 S.W.3d 433 (2006); *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 991 S.W.2d 555 (1999). In *Looney, supra*, the court stated that "[b]ecause we remand this issue for resolution of the respective rights of the parties in the land to be partitioned, the issue of an appropriate award for costs and attorney's fees is premature." 336 Ark. at 550, 986 S.W.2d at 863

The State relies heavily on *Norman v. Norman*, 347 Ark. 682, 66 S.W.3d 635 (2002) (*Norman III*) to support its argument that Rule 54(e) bars Jones's request for attorney's fees. However, *Norman III* is distinguishable from the present case. In *Norman v. Norman*, 333 Ark. 644, 970 S.W.2d 270 (1998) (*Norman I*), this court addressed an appeal from a final order denying a motion to disqualify an attorney and his law firm, and held that the trial court did not properly address the facts in the case in denying the motion. Although the *Norman I* court stated that it could remand the case for determination of the disqualification motion, it concluded that to do so would be "pointless" because there was a fully developed record before the court, and accordingly this court ordered the attorney disqualified. *Id.* at 651, 970 S.W.2d at 273. On a later appeal in *Norman III, supra*, the court affirmed the trial court's denial of a motion for attorney's fees, holding that the motion was inadequate as well as untimely under Rule 54(e) because the motion was filed forty-six days after our mandate in *Norman I*. *Norman III*, 347 Ark. at 688, S.W.2d at 639.

---

[3] The dissent posits a procedural bar to our review of the State's alternative argument for affirmance. Yet, this court has recently reiterated that the State's failure to raise an alternative ground for affirmance below does not preclude us from addressing the issue on appeal. *Flores v. State*, 348 Ark 28, 69 S.W.3d 864 (2002) (reversed and remanded); *McCoy v. State*, 347 Ark. 913, 69 S.W.3d 430 (2002); *Simmons First Nat'l Bank v. Wells*, 279 Ark. 204, 650 S.W.2d 236 (1983) (reversed and remanded).

■  While the mandate in *Norman I* was a final resolution of the matter that was the subject of the appeal, here, by contrast, the court's mandate issued on September 25, 2006, simply remanded the case for further "proceedings on relief" consistent with the Supreme Court's decision. A final judgment triggering Rule 54(e) did not occur until the circuit court issued its order on December 21, 2006, that denied the Commissioner's request to reopen the question of liability, ordered that Jones be given his house back, denied Jones his requested attorney's fees, and ordered the clerk to close the case. Only upon this final resolution of the respective parties' rights was a motion for attorney's fees appropriate.

■  In sum, the Supreme Court held that the State violated Jones's due process rights under the United States Constitution by failing to take additional reasonable steps to notify him before a tax sale of his property when the initial notice was returned undelivered. Thus, Jones's action was a a meritorious civil rights claim. We are persuaded by the overwhelming federal court precedent holding that substance prevails over form when a party fails to specifically plead an action under § 1983. Accordingly, we reverse the trial court's order denying attorney's fees under § 1988(b) and remand the case for proceedings consistent with this opinion.[4] Additionally, the motion Jones submitted requesting leave to file a supplemental addendum is denied as moot.

Reversed.

BROWN and DANIELSON, JJ., concur in part, dissent in part.

---

[4] The question was raised at oral argument whether the trial court ever had jurisdiction of this suit. Article 5, section 20, of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made a defendant in any of her courts." This court has recognized only two ways in which sovereign immunity may be surmounted: (1) where the State is the moving party seeking specific relief; and (2) where an act of the legislature has created a specific waiver of immunity. *Simons v. Marshall*, 369 Ark. 447, 255 S.W.3d 838 (2007). Citing *Arkansas Writer's Project, Inc. v. Ragland*, 293 Ark. 395, 738 S.W.2d 402 (1987), Jones asserted in oral argument and in his brief that Arkansas courts have concurrent jurisdiction over § 1983 claims. However, this court has cited *Arkansas Writer's Project, supra*, and pointed out that it remains unsettled whether state courts *must* exercise such jurisdiction. *See Virden v. Roper*, 302 Ark. 125, 128, 788 S.W.2d 470, 473 (1990); *see also Alden v. Maine*, 527 U.S. 706 (1999) (abrogating *Jacoby v. Ark. Dep't of Educ., Vocational & Technical Div.*, 331 Ark. 508, 962 S.W.2d 773 (1998)). The court has decided not to address these issues at this time.

ROBERT L. BROWN, Justice. I concur in the result, but I disagree with the majority's footnote number 3 and would delete the discussion of Rule 54(e) raised by the State for the first time on appeal.

Two doctrines seem to have been conflated by the majority in the footnote. The first is the doctrine that we will affirm a trial court's decision for an alternative reason on the basis that the trial court may have reached the right result but the reason stated for the decision is wrong. *See, e.g., Bell v. State*, 371 Ark. 375, 387 n.2, 266 S.W.3d 696, 702 n.2 (2007) (known as the "affirmance rule"). The second doctrine is that this court on occasion will address an issue likely to recur in a new trial after the case has been reversed and remanded to the trial court, which I will call the "likely to recur rule." *See, e.g., Bailey v. Rose Care Ctr.*, 307 Ark. 14, 20, 817 S.W.2d 412, 415 (1991).

The issue facing this court is whether, under either doctrine, the issue raised here must first be raised to the trial court before this court addresses it. I believe it should. It is not the task of an appellate court to address undeveloped issues raised for the first time on appeal. As we said in *Hanlin v. State*, 356 Ark. 516, 529, 157 S.W.3d 181, 189 (2004):

> The problem with this court's application of the pedophile exception, *sua sponte*, is that it was not raised by the State before the circuit judge or in this appeal. Thus, Hanlin has not had an opportunity to address it or raise any defense to it. Though this court will go, on occasion, to the record to affirm for a different reason, typically this is done when that alternative reason was raised by a party and has been developed at the circuit court level. *See, e.g., Johnson v. State*, 343 Ark. 343, 37 S.W.3d 191 (2001); *Heagerty v. State*, 335 Ark. 520, 983 S.W.2d 908 (1998). We have also affirmed for a different reason when the documentary evidence in the record clearly gave us a basis for doing so (*State of Washington v. Thompson*, 339 Ark. 417, 6 S.W.3d 82 (1999)), or when a statute, not argued by either party, is used by this court to affirm the trial court's determination (*Robinson v. State*, 274 Ark. 312, 624 S.W.2d 435 (1981)). This court has been resolute in stating that we will not make a party's argument for that party or raise an issue, *sua sponte*, unless it involves the trial court's jurisdiction. *See, e.g., Ilo v. State*, 350 Ark., 138, 85 S.W.3d 542 (2002). Moreover, we will not consider an argument unless it has been properly developed. *See Haire v. State*, 340 Ark. 11, 8 S.W.3d 468 (2000).

*See also Simmons First Nat'l Bank v. Wells,* 279 Ark. 204, 650 S.W.2d 236 (1983) ("We must determine the issues upon the record that was made in the trial court. The facts essential to the question now argued were not pleaded in the court below and therefore cannot serve as the basis for a decision in this court.") (quoting *Palmer v. Cline,* 254 Ark. 393, 395, 494 S.W.2d 112, 114 (1973)); *Green v. Ferguson,* 263 Ark. 601, 605-06, 567 S.W.2d 89, 91-92 (1978) (case reversed and remanded; court refused to consider appellee's alternative argument raised for first time on appeal); *Sharp v. Great S. Coaches, Inc.,* 256 Ark. 773, 775, 510 S.W.2d 266, 267 (1974) (case reversed and remanded; appellee could not raise new argument for first time on appeal that loss of profits could not be included as damages for loss of use); *McDonald v. Petty,* 254 Ark. 705, 710, 496 S.W.2d 365, 368 (1973) (trial court reversed; appellees cannot raise for first time on appeal that revivor action must be brought in names of heirs of parties).

Regarding the doctrine that we may address issues likely to recur on remand, we have said:

> Counsel for the commission sought to prove the price for which comparable property in the neighborhood had recently been sold. The court excluded that evidence, stating that an expert witness might consider such sales in forming his opinion about the value of the property being condemned, but, said the court, such evidence had no probative value with respect to the property in dispute and therefore should not be heard by the jury. Although we might on this appeal sustain the court's ruling on the narrow ground that counsel for the commission failed to make an offer of proof that the other property was in fact comparable to the appellees' land, we must consider the point on its merits, simply because it will doubtless recur upon a new trial. The court's position was wrong. Upon a proper showing of comparability such evidence is admissible and should be heard by the jury.

*Ark. State Highway Comm'n v. Ark. Real Estate Co., Inc.,* 243 Ark. 738, 740, 421 S.W.2d 882, 884 (1967); *see also Bailey,* 307 Ark. at 20, 817 S.W.2d at 415 (reversing and remanding for a new trial because appellant's first point on appeal was found to have merit, then proceeding to address and reject two other of appellant's points on appeal "since they will likely recur on remand"). In both cases, the issue had been raised to the trial court first.

The cases adduced in the majority's footnote 3 do not support its position of hearing the Rule 54(e) issue for the first time

on appeal. In *McCoy v. State*, 348 Ark. 239, 74 S.W.3d 599 (2002) (rehearing denied), we refused to address an alternative basis for affirmance raised by the State and apply the "affirmance rule" because the issue had not been raised to the trial court. That is precisely my point.

In *Flores v. State*, we listed three reasons for not addressing an alternative argument for affirmance raised by the State: (1) the State did not give notice to the defendant as required by Arkansas Rule of Evidence 803(24); (2) the residual hearsay exception was never raised to the trial court; (3) the trial court never made the necessary findings under Rule 803(24). 348 Ark. 28, 47, 69 S.W.3d 864, 876 (2002). That holding also supports my position that the issue must first be raised to the trial court.

In *Simmons First Nat'l Bank v. Wells*, this court did state that we could affirm on a legal theory not raised to the trial court, but we refused to do so because "evidence relevant to Act 401 was not sufficiently developed for us to apply the rule that we will affirm the trial court if the correct result is reached, even if reached on an erroneous theory." 279 Ark. at 212, 650 S.W.2d at 240. We reversed and remanded the case so the issue in controversy could be developed before the trial court. At best, the *Wells* case is contradictory.

The better rule is not to address arguments under the "affirmance rule" or the "likely to recur rule" that have not been raised and developed before the trial court. For that reason, I dissent from that part of the majority's opinion addressing the Rule 54(e) issue for the first time on appeal.

DANIELSON, J., joins this opinion.