KAREN R. BAKER, Associate Justice
Appellant, Debbie Worsham, returns to this court for a second time, challenging the Franklin County Circuit Court's denial of her motion for attorney's fees and costs. This case has an extensive procedural history. Litigation began in 2012 when Worsham filed suit against the appellees, Roy and Teresa Day, alleging breach of contract related to the sale of a liquor store. In 2015, a jury awarded Worsham damages, and the circuit court granted the Days' motion for new trial. Worsham appealed to the court of appeals, which remanded the matter to the circuit court to settle and supplement the record. Worsham v. Day , 2016 Ark. App. 262, 2016 WL 2858469 (" Worsham I "). In 2017, the appeal returned to the court of appeals and we certified the case to this court. We dismissed Worsham's appeal for lack of appellate jurisdiction and the jury's verdict remained intact. Worsham v. Day , 2017 Ark. 192, 519 S.W.3d 699 ("
*152 Worsham II "). In Worsham II , we recounted the procedural history of this case as follows:
On July 25, 2012, Worsham filed a complaint for breach of contract against the Days.
....
The jury trial was held on March 10 and 11, 2015, and the jury found for Worsham on her claim for breach of contract, awarding her $ 115,000 in damages.
....
On March 23, 2015, the Days filed a motion for JNOV or for a new trial.
....
The circuit court held a hearing on the motion for JNOV or for a new trial on July 14, 2015. The court then entered an order granting the motion on July 21, 2015, finding that the jury verdicts were improper and inconsistent and that they should be set aside in favor of granting a new trial. On August 3, 2015, Worsham filed a motion to reconsider the circuit court's order, which was denied. Worsham then filed a timely notice of appeal and amended notice of appeal from the circuit court's orders granting a new trial and denying her motion to reconsider.
On appeal, the court of appeals remanded this case to settle and supplement the record because there was no written judgment in the record or addendum from the circuit court reflecting the jury's verdicts. Worsham [I ]. Following the court of appeals' opinion, Worsham filed a motion to enter judgment on May 19, 2016. On May 25, 2016, the circuit court entered a "Judgment Upon Jury Verdict," which was consistent with the jury's verdicts. Worsham then filed a supplemental record with the court of appeals containing this judgment, and we accepted certification of this appeal on March 17, 2017.
Upon review, we ultimately dismissed the appeal for lack of appellate jurisdiction and explained:
While the jury-verdict forms were filed, there was no judgment on the jury's verdict entered until May 25, 2016. Arkansas Rule of Civil Procedure 58 (2016) provides that every judgment or decree shall be set forth on a separate document and that a judgment is effective only when entered in accordance with Administrative Order Number 2. Administrative Order Number 2 states that the clerk shall denote the date and time that a judgment is filed by stamping or otherwise marking it with the date and time and the word "filed" and that a judgment is entered when so stamped or marked by the clerk. Ark. Sup. Ct. Admin. Order No. 2 (2016).
Pursuant to Arkansas Rules of Civil Procedure 50(b)(2) and 59(b), the Days' March 23, 2015 motion for JNOV or for a new trial was treated as filed on May 26, 2016, the day after the circuit court entered the judgment. However, there was no order by the circuit court granting this posttrial motion subsequent to the entry of the judgment on May 25, 2016. A circuit court's order granting a new trial is a nullity where a valid judgment has not yet been entered. See , e.g. , State v. Richardson , 2009 Ark. 206, 306 S.W.3d 11 (holding that a motion for new trial was ineffective in the absence of a valid judgment and commitment order, thus depriving the circuit court of any basis in law for granting the motion and rendering its order granting a new trial a nullity). Under Arkansas Rule of Appellate Procedure-Civil 4(b)(1), the Days' posttrial motion was deemed denied thirty days after its May 26, 2016 filing date. Neither party filed a notice of appeal or amended notice of appeal after the judgment was entered, and, *153 accordingly, we have no timely and effective notice of appeal from the disposition of the posttrial motion. Therefore, we must dismiss this appeal, and the jury's verdict stands.
Worsham II , 2017 Ark. 192, at 1-6, 519 S.W.3d at 700-02.
Subsequent to our opinion, we issued the mandate on June 13, 2017. On June 12, 2017, Worsham filed a motion for attorney's fees in the Franklin County Circuit Court. On October 17, 2017, the circuit court conducted a hearing on the attorney's-fees motion and accepted supplemental pleadings from both parties. On October 30, the circuit court denied Worsham's motion for attorney's fees and costs, and on November 20, it denied Worsham's motion for reconsideration.
Worsham has filed a timely notice of appeal and presents two points: (1) the circuit court erred in denying Worsham's motion for attorney's fees and her motion for reconsideration because Worsham is entitled to attorney's fees pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1999) and (2) the circuit court erred in denying Worsham's motion for attorney's fees because Worsham's motion was timely under Rule 54(e) of the Arkansas Rules of Civil Procedure. We affirm.
We first address Worsham's argument that the circuit court erred in denying her motion for attorney's fees because her motion was timely under Rule 54(e) of the Arkansas Rules of Civil Procedure.
On review, "[o]ur general rule relating to attorney's fees is well established and is that attorney's fees are not allowed except when expressly provided for by statute. Chrisco v. Sun Indus., Inc. , 304 Ark. 227, 800 S.W.2d 717 (1990). An award of attorney's fees will not be set aside absent an abuse of discretion. See Harris v. City of Fort Smith , 366 Ark. 277, 234 S.W.3d 875 (2006)." Hanners v. Giant Oil Co. of Ark. , 373 Ark. 418, 425, 284 S.W.3d 468, 474 (2008). Thus, although we are not bound by the circuit court's interpretation, in the absence of a showing that the circuit court erred, its interpretation will be accepted as correct on appeal. Id.
Further, with regard to awarding attorney's fees, Rule 54(e) of the Arkansas Rules of Civil Procedure provides in pertinent part:
(e) Attorneys' Fees.
(1) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
(2) Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute or rule entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made.
For purposes of Rule 54(e), we have explained that "[a] final judgment under Ark. R. Civ. P. 54(a) is 'one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy.' Looney v. Looney , 336 Ark. 542, 547-48, 986 S.W.2d 858, 861 (1999) (quoting McGann v. Pine Bluff Police Dep't , 334 Ark. 352, 355, 974 S.W.2d 462, 463 (1998) ); see also Petrus v. Nature Conservancy , 330 Ark. 722, 957 S.W.2d 688 (1997). This court has consistently interpreted Ark. R. Civ. P. 54(e) to be applicable only upon an entry of judgment that finally concludes the controversy for which *154 attorney's fees are sought. See, e.g. , Crawford County v. Jones , 365 Ark. 585, 232 S.W.3d 433 (2006) ; State Auto Prop. & Cas. Ins. Co. v. Swaim , 338 Ark. 49, 991 S.W.2d 555 (1999)" Jones v. Flowers , 373 Ark. 213, 217, 283 S.W.3d 551, 554-55 (2008).
Finally, "we have consistently held that the award of attorney's fees is a collateral matter. Nettleton Sch. Dist. v. Owens , 329 Ark. 367, 948 S.W.2d 94 (1997) ; Marsh & McLennan of Ark. v. Herget , 321 Ark. 180, 900 S.W.2d 195 (1995) ; Pledger v. Bosnick , 306 Ark. 45, 811 S.W.2d 286 (1991)." Harold Ives Trucking Co. v. Pro Transp., Inc. , 341 Ark. 735, 737, 19 S.W.3d 600, 602 (2000) (per curiam). "Matters that are collateral or supplemental to the trial court's judgment are left within the trial court's jurisdiction even though an appeal has been docketed. Alexander v. First Nat'l Bank of Fort Smith , 278 Ark. 406, 646 S.W.2d 684 (1983)." Id. Where an order granting or denying attorney's fees is entered after entry of the judgment, the issue of attorney's fees is a collateral matter. Craig v. Carrigo , 353 Ark. 761, 121 S.W.3d 154 (2003).
With these standards in mind, we turn to the case before us. The crux of the issue before us is the judgment and the date that triggered the fourteen-day period for the motion for attorney's fees to be filed pursuant to Rule 54(e). At issue is the circuit court's October 30, 2017 order denying Worsham's motion for attorney's fees and other relief, which stated in pertinent part:
[Worsham's] motion for attorney's fees is denied.
The court finds that the legal arguments advanced by [the Days] on this issue are well taken and that [Worsham's] request for attorney's fees and other relief is untimely because it did not comply with 54(e) of the Arkansas Rules of Civil Procedure and the May 25, 2016 Judgment of this court was not appealed.
Worsham contends that the circuit court erred because the conclusion of the controversy in this case -which triggered the attorney's fees-did not occur until this court dismissed Worsham's appeal of the new-trial order. Stated differently, "the mandate [entered on June 13, 2017] was the final resolution of the parties' rights that triggered Rule 54(e) and started the clock running on the filing of the fees motion."
Relying on Norman v. Norman , 347 Ark. 682, 66 S.W.3d 635 (2002), Worsham asserts that the mandate that declared the new-trial order a nullity and that the jury verdict in favor of Worsham remained in effect_concluded he r rights to the subject matter in controversy. Therefore, she argues that her_motion for attorney's fees was timely.
We issued three opinions in the Norman series of cases regarding the parties' divorce. First, in Norman v. Norman , 333 Ark. 644, 651-52, 970 S.W.2d 270, 273 (1998) (" Norman I "), overruled on other grounds by Park Apartments at Fayetteville, LP v. Plants , 2018 Ark. 172, 545 S.W.3d 755, we addressed an appeal regarding disqualification of an attorney representing the ex-wife alleging that there was a conflict of interest. We reversed and remanded the matter for a new trial, holding that the attorney was disqualified. Second, in Norman v. Norman , 342 Ark. 493, 494, 30 S.W.3d 83, 84 (2000) (" Norman II "), after disqualification of his ex-wife's attorney, the husband sought recovery of fees and expenses incurred in opposing the attorney's representation of his ex-wife. We explained that "upon this court's remand for a new trial, [the husband] filed a 'motion for judgment for incurred expenses.'
*155 " Id. at 495, 30 S.W.3d at 85. The chancery court denied the motion for costs and fees and the husband appealed. We did not address the merits of the appeal but dismissed the case, holding that the order appealed was not final because the circuit court had not yet acted upon the ex-wife's motion for voluntary dismissal after remand in Norman I . Finally, in Norman III , we affirmed the circuit court's denial of a motion for attorney's fees as untimely under Rule 54(e) because the motion was filed forty-six days after the court's mandate in Norman I , which remanded the matter for a new trial.
Also relative to our discussion is Jones , supra , in which we distinguished Norman I and Norman III and held that pursuant to Rule 54(e), Jones timely sought attorney's fees:
While the mandate in Norman I was a final resolution of the matter that was the subject of the appeal, here, by contrast, the court's mandate issued on September 25, 2006, simply remanded the case for further "proceedings on relief" consistent with the Supreme Court's decision [ Jones v. Flowers , 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) ]. A final judgment triggering Rule 54(e) did not occur until the circuit court issued its order on December 21, 2006, that denied the Commissioner's request to reopen the question of liability, ordered that Jones be given his house back, denied Jones his requested attorney's fees, and ordered the clerk to close the case. Only upon this final resolution of the respective parties' rights was a motion for attorney's fees appropriate.
Jones , 373 Ark. at 218, 283 S.W.3d at 555.
Although Worsham relies on our holding in Norman III because we indicated that it was our prior mandate in that case that had triggered the fourteen-day time period in Rule 54(e), the situation in the present case is different. In Worsham II , we did not reverse the circuit court's judgment and remand for a new trial. Rather, we dismissed the appeal and held that the jury's verdict in favor of Worsham remained in place. Therefore, there was no reversal on appeal with regard to which party prevailed below, as in Norman . Further, our decision in Jones does not support Worsham's argument. In Jones , we remanded the case to the circuit court for further proceedings consistent with the United States Supreme Court's decision, and we held that a final judgment triggering Rule 54(e) did not occur until the circuit court had entered its subsequent order on remand. Id. Here, there was no such order of remand for further proceedings at the circuit court level, and the final judgment for purposes of Rule 54(e) was the May 2016 judgment.
According to the standards discussed above and pursuant to Rule 54(e), Worsham's motion had to be filed and served no later than fourteen days after entry of judgment. On May 25, 2016, the circuit court entered the judgment in this matter. Because neither party appealed the judgment entered on May 25, the May 25 order concluded the rights of the parties to the subject matter at issue. Accordingly, the final judgment that triggered the Rule 54(e) fourteen-day period was entered on May 25, 2016. The record demonstrates that Worsham's motion for attorney's fees was not filed until June 12, 2017, well past the fourteen-day deadline. Based on our discussion above, we agree with the circuit court's determination that the attorney's-fees motion was untimely.
As an alternative argument, Worsham contends that she was not required to file a written motion for attorney's fees because she was entitled to such fees in her breach-of-contract action under Ark. Code Ann. § 16-22-308. She cites *156 State Auto Property & Cas. Ins. Co. v. Swaim , 338 Ark. 49, 991 S.W.2d 555 (1999), in support of this contention. In Swaim , the jury awarded a verdict in favor of the insureds in their breach-of-contract action. Id. The insureds orally requested $ 10,000 in attorney's fees after the verdict, and the circuit court granted their request, including the fee award and the statutory basis for that award in the judgment. Id. On appeal, State Farm argued that the insureds' failure to file a written motion for fees was fatal to their request. Id. We disagreed, noting that Rule 54(e)(2) states that "[u]nless otherwise provided by statute or order of the court ," a motion for attorney's fees must be filed within fourteen days. Id. (emphasis added). Our holding in Swaim did not address the timeliness of attorney's fees under Rule 54(e). Rather, we concluded that an oral motion may be sufficient under the Rule. Here, however, Worsham failed to either orally or in writing request attorney's fees within the necessary time period. Therefore, we do not find merit in Worsham's argument, and we affirm the circuit court's denial of her motion for attorney's fees and costs.
Affirmed.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
Justice should always be the polestar for this court's decisions. That is not to say that we should shy away from making the difficult calls when the law and the facts lead inexorably to a particular outcome. However, when two outcomes are well supported by precedent, justice should illuminate the path we choose. In my view, that was not the result in today's majority opinion.
Seven years ago, on May 9, 2012, Ms. Worsham agreed to sell her store to Roy and Teresa Day for $ 225,000. After Ms. Worsham received $ 10,000 in earnest money, Ms. Worsham allowed the Days to take possession of the store on May 31, 2012. The Days changed the name of the business, formed a new corporation to operate it, and applied to transfer the liquor license, which required Ms. Worsham to surrender her license. The Days established new accounts with wholesalers, negotiated a new lease for the building, and obtained a new sales tax permit from the Arkansas Department of Finance and Administration. The Days changed the security codes to the building, which excluded Ms. Worsham. They obtained a new tobacco-sales permit, which required Ms. Worsham to relinquish hers. The Days hired a new employee. Ms. Worsham's final act was to help complete a full inventory, which totaled $ 98,649.27.
However, the Days simply decided to walk away from the deal. In July 2012, the Days told Ms. Worsham that they would not be paying the balance due of $ 215,000. According to Roy Day, he and his wife operated the store for a week and determined that it was not making money. So, they simply shut off the electricity and walked away. Ms. Worsham attempted to negotiate, but to no avail. Even though Ms. Worsham had completely fulfilled all the conditions of the contract, the Days simply left her with her business gone and a store full of spoiled merchandise. Ms. Worsham estimated that she lost $ 36,000 to $ 37,000 in spoiled beer and wine alone. Ms. Worsham did what she had to do--she retained counsel and filed suit on July 25, 2012.
Ms. Worsham did what she had to do to mitigate her damages. She sold the depleted business to a new buyer for $ 100,000. On October 31, 2013, Ms. Worsham amended her complaint to add a count for promissory estoppel. Eventually, Ms. *157 Worsham was forced to take the case to trial. After two days of testimony on March 10 and 11, 2015, a jury found that the Days had breached the contract with Ms. Worsham and awarded her $ 115,000 in damages. The jury also returned a verdict of $ 0 on the alternative theory of promissory estoppel.
The jury expressed confusion over having been instructed on both promissory estoppel and contract. When they sent a question to the judge, Ms. Worsham's trial counsel asked the circuit judge to tell the jury to "pick one or the other." The Days' counsel objected. However, the jury returned a verdict before the question could be answered. The jury found Ms. Worsham's damages to be $ 115,000 on her contract claim and $ 0 on promissory estoppel. Ms. Worsham's trial counsel submitted a proposed judgment, but the circuit court refused to enter it.
After the jury had been discharged, the Days moved for a mistrial due to inconsistency in the verdicts. They subsequently filed a motion on March 23, 2015, seeking, in the alternative, JNOV. The Days based their motion on the theory that the breach-of-contract verdict for $ 115,000 and the promissory-estoppel verdict for $ 0 were "inconsistent verdicts." In opposing the motion, Ms. Worsham argued that there is settled law that a motion seeking a new trial based on inconsistency in the verdicts is untimely if it is raised after the jury is discharged. She cited two cases, LaFont v. Mixon , 2010 Ark. 450, 374 S.W.3d 668, and Advocat Inc. v. Sauer , 353 Ark. 29, 111 S.W.3d 346 (2003), which were directly on point. Nonetheless, the circuit court granted the Days a new trial. Ms. Worsham attempted to appeal.
Despite the requirement in Arkansas Rule of Civil Procedure 58 that "[a] judgment or order is effective only when so set forth and entered as provided in Administrative Order No. 2," the circuit court did not enter the proposed judgment that Ms. Worsham had tendered and asked the court to enter. Instead, the circuit court filed the jury-verdict forms. The circuit court's failure to follow the Arkansas Rules of Civil Procedure caused the court of appeals to remand the case to settle and supplement the record with a proper judgment. Worsham I , 2016 Ark. App. 262.
Acting in accordance with the court of appeals mandate, the circuit court entered a proper judgment on May 25, 2016. The circuit court assumed that the filing would allow the court of appeals to take up Ms. Worsham's appeal. When Ms. Worsham filed the supplemented record, the court of appeals was not sure what the belated filing of the judgment meant with regard to the Days' posttrial motions. Even though the court of appeals is composed of twelve experienced appellate judges, including two that had served on the Arkansas Supreme Court Civil Practice Committee, it found it necessary to certify the case to the supreme court to determine the status of Ms. Worsham's appeal. The court of appeals correctly determined that there was no case law to guide its decision.
Of course, this court came up with an answer, but by no means was it obvious. The plain language of Rule 59(b) of the Arkansas Rules of Civil Procedure suggests that the Days' posttrial motion was timely filed. Rule 59(b) states:
Time for Motion. A motion for a new trial shall be filed not later than 10 days after the entry of judgment. A motion made before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered. If the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as *158 filed, it shall be deemed denied as of the 30th day.
(Emphasis added.) Recall that the circuit court had already granted the Days' new-trial motion. I am mindful that the circuit court repeatedly showed an inability to understand and apply our rules of civil procedure and the cases interpreting them. However, circuit court error, no matter how gross, is not subject to correction by a litigant. In fact, decisions by a circuit court are presumed to be correct. White v. Smith , 63 Ark. 513, 39 S.W. 555 (1897). It was not until this court handed down Worsham v. Day , 2017 Ark. 192, 519 S.W.3d 699 ( Worsham II ), that the case was put on proper procedural footing. In my view, the fact that an appellate court decision was required to put a case on the correct procedural footing draws it within the ambit of this court's decision in Jones v. Flowers , 373 Ark. 213, 283 S.W.3d 551 (2008) ( Flowers III ).
The Flowers case is illustrative. In Jones v. Flowers , 359 Ark. 443, 198 S.W.3d 520 (2004) ( Flowers I ), the Arkansas Supreme Court held that the State's failure to take steps to give proper notice of a tax sale did not violate a property owner's due-process rights under the fourteenth amendment. The Supreme Court of the United States reversed. Jones v. Flowers , 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) ( Flowers II ). Upon remand, appellant Gary K. Jones sought attorney's fees pursuant to 42 U.S.C. § 1988(b) (2000), even though he had never even mentioned section 1983 until after the Supreme Court handed down its decision. In the case before us, Ms. Worsham, as she argued to the circuit court, was not sure of her entitlement to attorney's fees until this court untangled the procedural mess created by the circuit court.
In the case before us, we had the choice of two dispositions. One allows Ms. Worsham to pursue attorney's fees pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999). The other disposition does not. The issue ultimately rested on this court's interpretation of Flowers III and the so-called "Norman cases," The majority's tortured efforts to distinguish the Norman cases relies on willful blindness to the broad holding that when a decision of an appellate court is required to establish the entitlement to attorney's fees, the time for filing a fee petition begins to run only upon entry of the appellate court mandate. Accordingly, Ms. Worsham's fee petition was timely because it occurred one day prior to the filing of the mandate in Worsham II .
That is the disposition that is indicated by justice. The decision in Worsham II was not a simple one. As noted previously, the complexity of the issue perplexed the circuit court and induced our court of appeals to certify the case to the supreme court. Accordingly, the majority's conclusion that Ms. Worsham's attorney should have known when to renew her request for attorney's fees seems disingenuous. If twelve experienced appellate judges on our court of appeals opine that they are ill-equipped to decide the issue, is it fair-and just-to throw a lawyer out of court for not being able to come to the conclusion that this court ultimately rendered?
Likewise, the majority's assertion that the award of attorney's fees is a "collateral matter" is simply a red herring. To be entitled to attorney's fees pursuant to Arkansas Code Annotated section 16-22-308, a litigant must first be the "prevailing party." When the judgment was finally entered in this case, there was also in the record an order from the circuit court granting the Days a new trial. Indeed, the circuit court expressed belief that the appeal was still necessary. Given the virtually unfettered control over the proceedings in *159 circuit courts that this court gives to circuit judges, the fact that the circuit judge thought his new-trial order was still valid cannot be ignored. Until this court's decision in Worsham II , whether Ms. Worsham had actually prevailed was an open question.
The General Assembly has determined that to make whole the prevailing party in a suit on a contract, that party should be allowed to collect his or her attorney's fees. Ark. Code Ann. § 16-22-308. To give her the benefit of her bargain in selling her store, Ms. Worsham was required to expend more than $ 43,000. In my view, it is unjust to relieve the Days of their obligation to pay Ms. Worsham's attorney's fees despite their wrongful conduct in repudiating their contract obligations.
I therefore respectfully dissent.