2009 Ark. 239

Christina **HAGENBAUGH**, Nancy K. **Sears**, Freda **Blair**, Modean **Parks**, Anthony **Mayfield**, Loraine **Brand**, Paula **McConnell**, Claudia **Heer**, Wayne **Ives**, Michael **Reaves**, Jeremy **Reaves**, Randy **Wise**, and Ricky **Wise**, Appellants,

v.

Perry County Sheriff Scott **MONTGOMERY**, Perry County Sheriff's Investigator Ray **Byrd**, Perry County Sheriff's Chief Deputy Mike **Surette**, Perry County Deputy Bob **Barker**, Perryville Police Officer Daniel **Warren**, and Perry County District Judge Elizabeth **Wise**, All in their Individual and Official Capacities, Appellees.

No. 08–1440.

Supreme Court of Arkansas.

April 30, 2009.

Cheryl V. Barnard, Perryville, for appellants.

No response.

DONALD L. CORBIN, Justice.

Appellants, a group of citizens residing in Perry County, Arkansas, appeal the order of the Pulaski County Circuit Court refusing to convene a grand jury to investigate allegations of violations of the Political Practices Act, specifically Ark.Code Ann. §§ 7–1–103 and 7–1–104 (Repl.2007). The allegations were related to the May 20, 2008 preferential primary election, more specifically the Democratic Primary to nominate a candidate for sheriff of Perry County. On appeal, Appellants argue that the trial court erred in considering an Arkansas State Police report concerning the alleged violations in determining the credibility of their complaint. Appellants request that this court order the circuit court to convene a grand jury for a proper investigation of their allegations. As this case involves the interpretation of our statutes concerning election laws, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1–2(a)(4). We find no error and affirm.

Appellants filed a complaint on June 9, 2008, requesting the circuit court to convene a grand jury, pursuant to Ark.Code Ann. § 7–5–807 (Repl.2007), to investigate their allegations of election fraud, including voter intimidation, harassment, and abuse of the criminal justice system. Therein, Appellants alleged that the instances of election fraud had been committed by Appellees, who include members of the Perry County Sheriff's Office, the Perryville Police Department, and the Perry County District Court, while acting pursuant to statutory authority in the course of their usual duties. At the crux of the complaint was an allegation that Wye Mountain Constable, Ron Hance, told Appellant, Christina Hagenbaugh, that if she would switch her support from candidate

Jerry Best to Sheriff Scott Montgomery, an arrest warrant for her son would go away.[1]

Prior to the filing in circuit court, an official complaint was also filed with the State Board of Election Commissioners. Due to the criminal nature of some of the allegations, the matter was turned over to the Pulaski County Prosecuting Attorney, and the state police were called in to investigate the matter. Thereafter, when the complaint was filed in circuit court, the court requested that the prosecuting attorney turn over any information he received as a result of the investigation. In response, the prosecuting attorney transmitted a copy of a report filed by State Police Lieutenant W.E. Beach. In that report, Lt. Beach stated that he interviewed Hance, who told him that the situation had been blown out of proportion and that he never told anyone that any warrants or charges would go away if they changed their political support.

The circuit court entered an order on June 27, 2008, dismissing Appellants' complaint. Therein, the circuit court noted that the Arkansas State Police had conducted a preliminary investigation and determined that there was no need for a "full scale" criminal investigation into the allegations. The trial court further noted that Lt. Beach had interviewed Hance, who allegedly made statements connecting a sheriff's deputy to the alleged election misconduct and that Hance denied the statements and claims the matter was "blown out of proportion." The circuit court concluded that in its opinion there were no grounds to call a grand jury, as the state police report "casts a dark shadow upon the complaint."

On July 14, 2008, Appellants filed a motion for reconsideration and a motion to file, under seal, a taped interview with Hance. In the motion for reconsideration, Appellants argued that the circuit court improperly considered the state police report in deciding this matter and, thus, deprived them of a fair court proceeding. Appellants then requested the circuit court to listen to a taped statement of Hance given to Appellants' counsel. The motion was deemed denied after thirty days, and Appellants filed their notice of appeal on September 12,

On appeal, Appellants argue that the circuit court erred in dismissing their complaint where the court erroneously considered evidence outside the record in determining that there was no good reason to convene a grand jury to investigate their allegations and, thus, violated the dictates of section 7–5–807.

This court reviews issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *City of Little Rock v. Rhee*, 375 Ark. 491, 292 S.W.3d 292 (2009). Our standard of review for issues of statutory construction is well settled:

> The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant,

---

1. The complaint listed other events including stopping use of a local business owner who supported candidate Best, issuing a warrant for Hagenbaugh's sister on a hot-check charge, and searching a home after an emer-gency call was placed when someone there suffered an allergic reaction. Appellants alleged that these events were the direct result of political intimidation.

and we give meaning and effect to every word in the statute, if possible.

*Id.* at 495, 292 S.W.3d at 294 (quoting *Great Lakes Chem. Corp. v. Bruner,* 368 Ark. 74, 82, 243 S.W.3d 285, 291 (2006) (citations omitted)).

Section 7–5–807 provides in relevant part:

> (a) If ten (10) reputable citizens of any county shall file a complaint with the circuit judge within twenty (20) days after any election alleging that illegal or fraudulent votes were cast, that fraudulent returns or certifications were made, or that the Political Practices Act was violated, the circuit judge, if in his or her opinion there is good ground to believe the charges to be true, shall convene a special term at once unless the regular term is in session or will convene within thirty (30) days.

Considering the plain language of this statute, it is apparent that Appellants' argument is without merit. First, nothing in the plain language of this statute prohibited the circuit court from considering the state police report in reviewing Appellants' complaint. Moreover, Appellants present us with only conclusory allegations, and no citation to authority, to support their contention that the circuit court could look only to the face of the complaint in making such a determination. It is axiomatic that where no citation to authority or convincing argument is offered, this court will decline to address the issue on appeal. *Norman v. Norman,* 347 Ark. 682, 66 S.W.3d 635 (2002). Appellants' attempted reliance on Ark.Code Ann. § 16–85–503(a) (Repl.2005) describing the role of a grand jury does not explain why the circuit court was prohibited from considering the state police report.

Second, and more importantly, the statute provides that a grand jury will be convened only where the circuit judge "if in *his or her opinion*" determines "there is good ground to believe the charges to be true." Ark.Code Ann. § 7–5–807(a) (emphasis added). The drafters of this statutory provision endowed the circuit court with great latitude in deciding whether to convene a grand jury, and this court cannot supplant its opinion for that of the circuit court.

Finally, we find no merit to Appellants' contention that they have been denied their First Amendment right to a free and fair vote because they are left with no remedy at law, where the circuit court dismissed their complaint and where no other agency would complete a thorough investigation of their complaint. Again, this is a conclusory allegation unsupported by convincing argument or authority. *Norman,* 347 Ark. 682, 66 S.W.3d 635. Nevertheless, it is a meritless argument, as Appellants clearly had a remedy, the filing and review of a complaint in circuit court. The fact that Appellants did not prevail does not mean that they were without a remedy at law.

Affirmed.