SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION I

No. E–13–687

|  |  |
|---|---|
| ROBERT PATTERSON<br><br>APPELLANT<br><br>V.<br><br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES<br>APPELLEE | **Opinion Delivered** February 12, 2014<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2013-BR-01851]<br><br><br><br>REMANDED |

## KENNETH S. HIXSON, Judge

Appellant Robert Patterson appeals the May 30, 2013 decision of the Appeal Tribunal that found Patterson liable to repay $5360 in unemployment benefits to which Patterson was not entitled pursuant to Arkansas Code Annotated section 11-10-532(a) (Supp. 2013) (fraudulent overpayment). The period at issue was for weekly benefits paid to him between January 9 and June 5, 2010, during which Patterson did not report his correct wages received. The Board of Review denied his request for appeal pursuant to Arkansas Code Annotated section 11-10-525(a), and he filed a timely appeal to us, seeking review of the Appeal Tribunal decision, pursuant to Arkansas Code Annotated section 11-10-525(f). We remand.

The record on appeal is confusing. It appears that there were two overpayment-of-benefit cases going on simultaneously regarding Patterson, and references to each case were evidently intermingled with the other. This appeal pertains to alleged overpayment of

SLIP OPINION

benefits for the period of January 9, 2010, through June 5, 2010. This claim originated with a 901 A Audit Request to the employer dated November 1, 2011. This claim is designated as claim number 2013-BR-01851 and will be referred to herein as the "June Claim." While the June Claim was being prosecuted, another audit to determine whether overpayment of benefits was made for the period of July 10, 2010, through December 25, 2010. This claim originated with a 901 A Audit Request to the employer dated December 15, 2011. While all of the documents related to that audit are not contained in the record before us on appeal, it appears that this audit is designated as claim number 2012-BR-01011, and will be referred to herein as the "December Claim."

In both, the Department of Workforce Services sought to recover overpayment of unemployment compensation, alleging that Patterson submitted incorrect wage information for the respective periods. In the June Claim, the Department alleged overpayment in the amount of $5360. The Department determined that Patterson was liable to repay the sum of $5360, and it is the June Claim addressed in this appeal. In the December Claim, the Department alleged overpayment in the amount of $6479. Although not entirely clear on the record before us, it appears that the Department found Patterson liable to repay $6479 to the fund, and Patterson failed to timely appeal.

On appeal of the June Claim to the Appeal Tribunal, it affirmed the earlier finding that Patterson should repay $5360 in overpaid unemployment benefits. The confusion arises upon the review of the Reasoning and Conclusions issued by the Tribunal and the statute it purported to apply:

REASONING AND CONCLUSIONS:  The Department issued a determination that the claimant did not report his correct wages from January 9, 2010, through June 5, 2010.  *That determination was affirmed on appeal to the Board of Review in docket number 2012-BR-01011 [the December Claim].*  As the claimant did not report correct wages, he was *at fault* in causing the overpayment.  Therefore, the claimant shall be liable to repay the overpayment.

DECISION:  The Notice of Fraud Determination issued by the Department *under Ark. Code Ann. §11-10-532(a)* is affirmed.  The claimant is liable to repay $5360 to the fund.

(Emphasis added.)

It appears that the Tribunal was confused regarding the simultaneous, yet independent, claims.  We are presented with (1) no findings that the claimant made a "knowing" misrepresentation or omission to the Department, or, (2) if the relevant findings were made in the December Claim proceeding, those findings are not in the record on appeal to us.

There are differing types of overpayment determinations in section 11–10-532, depending on the intent of the claimant.  The most serious determination is found at section 11–10-532(a), which provides that if the claimant is found to have knowingly made a false statement or misrepresentation or omission of material fact, then the claimant shall be liable to repay the amount to the fund, and upon which a ten–percent penalty attaches.  *Id.* at subsection (a)(1) and (a)(2).  The other type of overpayment determination is found at 532(b), which provides that if the claimant received unemployment benefits by reasons other than fraud or willful misrepresentation or omission, then the claimant shall be liable for repayment of the amount of the overpayment only; the claimant is not assessed the penalty.  *Id.* at subsection (b)(1).  Subsection (b)(2) permits the Department to waive recovery of the overpayment if a finding is made that the overpayment was received "without fault" of the



claimant and upon a finding that recovery of overpayment "would be against equity and good

conscience."

Here, at the Department of Workforce Services level, the Department made a "fraud"

determination and stated:

> There were no facts developed in this case. . . . As a result of disqualification . . . in accordance with § 11–10–532(a)(1) it is determined that you have been over paid benefits. . . . . Once the overpayment becomes final . . ., the amount owed shall accrue interest at the rate of 10% per year . . . . In addition, beginning on July 1, 2001, a penalty of 10% of the amount of overpayment . . . shall be assessed on fraud overpayments.

Patterson appealed the Department's determination to the Appeal Tribunal. The

Appeal Tribunal recited the issue before it as whether Patterson received unemployment

benefits to which he was not entitled "as a result of making a false statement or

misrepresentation of a material fact knowing it to be false or knowingly failing to disclose a

material fact" pursuant to "Arkansas Code Annotated section 11–10–532(a)." The Tribunal

decision does not specifically address the issue of interest and penalty, but it does affirm the

Department's decision under subsection (a). The Tribunal compounds the confusion in its

Reasoning and Conclusions by finding that Patterson was "at fault" in causing the

overpayment. The statute references "fault" only in subsection (b) as it relates to the issue of

whether to waive recovery of overpayment on an equitable basis. The Tribunal has, perhaps

inadvertently, combined "fraud" terminology under subsection (a) with "fault" terminology

under subsection (b).

The Board of Review's findings of fact are conclusive if supported by substantial

evidence, which is such relevant evidence that a reasonable mind might accept as adequate

to support a conclusion. *Magee v. Dir.*, 75 Ark. App. 115, 55 S.W.3d 321 (2001). We review the Board's findings of fact in the light most favorable to the Board's decision, and credibility calls are for the finder of fact. *Id.* If fair-minded persons could reach the Board's conclusion, it must be affirmed. *Id.* Notably, the appellate courts require sufficient findings of fact and conclusions of law to review on appeal from a Board of Review decision. *Id.*

Here, the Appeal Tribunal rendered no findings of fact, nor were any developed at the Department level. The transcript of the Appeal Tribunal hearing does not contain any evidence or facts regarding whether Patterson made a knowingly false statement or omission; no credibility determination was made. The only evidence regarding the submission of incorrect wages was that Patterson testified that he followed the directions of the agency's representative. The Tribunal may have intended to rely upon the documents found in the December Claim, but those are not a part of the record on appeal.

If adequate findings of fact are not made on the issue presented, we remand to the Board for it to provide findings of fact and conclusions of law upon which to perform proper appellate review. *See Johnson v. Dir.*, 2013 Ark. App. 74; *Bergman v. Dir.*, 2009 Ark. App. 724; *Magee v. Dir.*, 75 Ark. App. 115, 55 S.W.3d 321 (2001). The Appeal Tribunal failed to render any findings on the issue presented—whether Patterson's failure to correctly report his earnings during those weeks was knowingly fraudulent, as contemplated by subsection (a). Consequently, we remand.

Remanded.
PITTMAN and WALMSLEY, JJ., agree.
*Robert Patterson*, pro se appellant.
*Phyllis Edwards*, for appellee.