Cite as 2021 Ark. App. 201

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** E-20-319

|  |  |
|---|---|
| ROBERT BALLARD<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES<br><br>APPELLEE | **Opinion Delivered:** April 28, 2021<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br><br>[NO. 2020-BR-01363]<br><br>REVERSED AND REMANDED FOR AN AWARD OF BENEFITS |

## MIKE MURPHY, Judge

In this unbriefed employment-security case, Robert Ballard appeals the Arkansas Board of Review's (Board's) decision denying his claim for unemployment benefits on a finding that he performed services for an educational institution, and the circumstances of the interruption did not allow him benefits on the basis of those services. We reverse and remand for an award of benefits.

Our standard of review in unemployment-insurance cases is well settled. We do not conduct de novo reviews in appeals from the Board. *Keener v. Dir.*, 2021 Ark. App. 88, at 1–2. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.* We accept the Board's findings of fact as conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, our scope

of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered on the basis of the evidence presented. *Id*. We defer credibility calls to the Board as the finder of fact as well as the weight to be accorded to testimony presented to the Board. *Id*. While our role in these cases is limited, we are not here to merely ratify the decision of the Board. *Id*. Instead, our role is to ensure that the standard of review has been met. *See id*.

Robert Ballard worked as the director of the fitness center for the Phillips Community College at the University of Arkansas. He was hired on August 21, 2017, for a year-round position in an educational institution. He was furloughed from May 4, 2020, through July 6, 2020, because of the COVID-19 pandemic. He testified that he is not normally off during the summer, and the vice chancellor for the school testified that she did not understand why Ballard was being denied benefits "because he is a 12-month employee." Nevertheless, the hearing officer found that because (1) Ballard worked for an educational institution, (2) there was an interruption of work, and (3) he had reasonable assurance he would continue to perform the same services after the interruption, he was not entitled to benefits. Without rendering additional opinion, the Board summarily adopted and affirmed the decision of the hearing officer. Ballard now appeals.

Arkansas Code Annotated section 11-10-509 (Repl. 2012) provides that

> (a) With respect to service performed in an instructional, research, or principal administrative capacity as an employee of an educational institution, benefits shall not be paid based on services for any week of unemployment commencing during the period between two (2) successive academic years or terms, during a similar period between two (2) regular but not successive terms, or during a period of paid sabbatical leave provided for in the individual's contract to any individual if:

2

(1) The individual performs the services in the first of the academic years or terms; and

(2) There is a contract or a reasonable assurance that the individual will perform services in any such capacity as an employee of any educational institution in the second of the academic years or terms.

Here, Ballard was not hired as a teacher or other administrator who might, for example, regularly be on leave from the beginning of summer and rehired by that school or another school in the fall, as contemplated in the statute. Instead, the record indicates that his position was that of a year-round employee. The interruption of his regular, year-round employment was not due to some natural break in the academic cycle but because of circumstances of the COVID-19 pandemic. Substantial evidence does not support the Board's conclusion. We reverse and remand for an award of benefits.

Reversed and remanded for an award of benefits.

VIRDEN and BROWN, JJ., agree.

*Robert E. Ballard*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.

3