Cite as 2021 Ark. App. 293

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** E-21-24

| | |
|---|---|
| NICHOLE E. TUCKER<br>APPELLANT<br><br>V.<br><br>DIRECTOR, DIVISION OF WORKFORCE SERVICES, AND BENTONVILLE CHRISTIAN ACADEMY<br>APPELLEES | **Opinion Delivered** June 2, 2021<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2020-BR-01690]<br><br><br><br>REVERSED AND REMANDED FOR AN AWARD OF BENEFITS |

## PHILLIP T. WHITEAKER, Judge

In this unbriefed employment-security case, Nichole Tucker appeals the Arkansas Board of Review's (Board's) decision denying her claim for unemployment benefits on a finding that she performed services for an educational institution and that the circumstances of the interruption did not allow her benefits on the basis of those services. We reverse and remand for an award of benefits.

Our standard of review in unemployment-insurance cases is well settled. We do not conduct de novo reviews in appeals from the Board. *Keener v. Dir.*, 2021 Ark. App. 88, 618 S.W.3d 446. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.* We accept the Board's findings of fact as conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence on which the Board might have reached a different

decision, our scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered on the basis of the evidence presented. *Id.* We defer credibility calls to the Board as the finder of fact as well as the weight to be accorded to testimony presented to the Board. *Id.* While our role in these cases is limited, we are not here to merely ratify the decision of the Board. *Id.* Instead, our role is to ensure that the standard of review has been met. *Id.*

Tucker has been employed by Bentonville Christian Academy (BCA) since 2014 as a preschool teacher. She described her school as a preschool that "goes year-round" and does not take a summer break; instead, it ordinarily offers a summer program that runs from the beginning of June through the end of July, with regular school programming resuming at the beginning of August. Tucker signed a letter of intent in February 2020 indicating that she would work as a teacher for BCA for the 2020 summer program and would also return as a teacher in the fall of 2020. On April 3, 2020, however, the school closed because of the COVID-19 pandemic and furloughed its teachers. Tucker did not return to work until the school reopened on August 3, 2020.

After being furloughed, Tucker applied for unemployment benefits, but the Division of Workforce Services (DWS) issued a "Notice of Agency Determination" disqualifying her from benefits. DWS determined that Tucker's claim was based on wages earned as an employee of an educational institution while performing services in an instructional, research, or principal administrative capacity. DWS further concluded that Tucker was "between academic years or terms" and had a contract or reasonable assurance of performing

2

instructional, research, or principle administrative services in the second academic year or term. *See* Ark. Code Ann. § 11-10-509(a) (Repl. 2012).

Tucker appealed DWS's decision to the Arkansas Appeal Tribunal ("Tribunal"), which held a telephone hearing on her claim.[1] Tucker testified about the details of her usual teaching schedule and offered documents to support her arguments. These documents included a copy of her February 2020 letter of intent and pay stubs showing that she had worked and been paid during the summer months of May, June, and July in the years 2018 and 2019.

The Tribunal denied Tucker's claim for benefits, finding that Tucker's employer did not offer a summer program due to COVID-19, and Tucker resumed her same position at the beginning of the school year. It concluded that "[t]he regular school year ended and [Tucker] resumed her duties in the same position she had when the regular school year resumed. Therefore, [she] is not eligible for benefits between two successive [academic] terms."

Tucker appealed to the Board, arguing that she was a year-round teacher and had been unable to perform her regular summer duties because of COVID-19. The Board affirmed the Tribunal's decision, however, finding that Tucker was "between terms and she had a reasonable assurance of performing services for the employer in the second academic year or term." The Board therefore concluded that Tucker was ineligible for

---

[1]Tucker's appeal to the Tribunal was untimely; however, the Tribunal held a hearing pursuant to *Paulino v. Daniels*, 269 Ark. 676, 559 S.W.2d 760 (1980), and found that her late appeal was due to circumstances outside her control. Her appeal was thus permitted to proceed.

unemployment-insurance benefits based on wages earned from an educational institution under section 11-10-509(a) for the period beginning May 31, 2020, and continuing until the start of the new academic year or term. Tucker timely appealed to our court.

Our review of this case is governed by Arkansas Code Annotated section 11-10-509(a), which provides as follows:

> (a) With respect to service performed in an instructional, research, or principal administrative capacity as an employee of an educational institution, benefits shall not be paid based on services for any week of unemployment commencing during the period between two (2) successive academic years or terms, during a similar period between two (2) regular but not successive terms, or during a period of paid sabbatical leave provided for in the individual's contract to any individual if:

> (1) The individual performs the services in the first of the academic years or terms; and

> (2) There is a contract or a reasonable assurance that the individual will perform services in any such capacity as an employee of any educational institution in the second of the academic years or terms.

Tucker argues to this court that she is a full-time teacher for a school that functions year round and that the Board thus erred in denying her benefits under section 11-10-509. We agree. Tucker was not hired as a teacher who would regularly be on leave from the beginning of summer and rehired by that school or another in the fall, as contemplated by the statute. Instead, the undisputed evidence introduced into the record indicated that her position was that of a year-round employee. The interruption of her regular, year-round employment was not because of a natural break in the academic cycle but was rather because of the circumstances of the COVID-19 pandemic. *See Cates v. Dir.*, 2021 Ark. App. 258; *Ballard v. Dir.*, 2021 Ark. App. 201, 625 S.W.3d 249. Substantial evidence therefore does not support the Board's conclusion, and we reverse and remand for an award of benefits.

4

Reversed and remanded for an award of benefits.

GRUBER and BARRETT, JJ., agree.

*Nichole E. Tucker*, pro se appellant.

*Cynthia Uhrynowycz*, Associate General Counsel, for appellee.