Cite as 2022 Ark. App. 37

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** E-21-191

| | |
|---|---|
| MARTHA SOLER<br><br>APPELLANT<br><br>V.<br><br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES<br><br>APPELLEE | **Opinion Delivered** January 26, 2022<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br><br><br>[NO. 2021-BR-00269]<br><br>REVERSED AND REMANDED |

## MIKE MURPHY, Judge

In this unbriefed employment-security case, Martha Soler appeals the Arkansas Board of Review's (Board's) decision denying her claim for Pandemic Unemployment Assistance (PUA) on a finding that her separation from work was not considered a direct result of the coronavirus pandemic. We reverse and remand to the Board for additional findings of fact and conclusions of law in consideration of this opinion.

In April 2020, Soler worked year round for a small Christian school, which was also a Christian ministry, in Amity, Arkansas. She worked for the school in various capacities, including as a registrar. Due to the COVID-19 pandemic, the school opted to cancel its 2020 summer fundraising efforts, efforts that partially helped fund employee salaries. Because the school was not going to be able to pay all of its employees' salaries, Soler was furloughed near the end of April with the intention of being rehired in August.

In an earlier determination, the Board found that Soler was disqualified from regular

unemployment benefits under Arkansas Code Annotated section 11-10-509 (Repl. 2012), which explains unemployment-qualification conditions for certain employees of educational institutions. This statute has been the discussion of recent cases in light of disruptions due to circumstances of the COVID-19 pandemic to the regular work schedules of year-round employees in educational settings. *See Cates v. Dir.*, 2021 Ark. App. 258; *Ballard v. Dir.*, 2021 Ark. App. 201, 625 S.W.3d 249; *Tucker v. Dir.*, 2021 Ark. App. 293, 626 S.W.3d 132.

Soler did not appeal the disqualification for regular benefits, and the Board used that determination as the basis for denying Soler PUA in the present case. The Board found that because Soler was disqualified from benefits pursuant to section 11-10-509, she was therefore ineligible for PUA because her "separation from the work is not a direct result of the coronavirus pandemic." On appeal, Soler argues that this was erroneous, explaining that her separation from work "was *definitely* caused by the outbreak of the Covid-19 virus." We agree. Specifically, it was erroneous for the Board to wholly deny her claim for an award on this basis.

The Coronavirus Aid, Relief, and Economic Security (CARES) Act, signed into law on March 27, 2020, "creates a new temporary federal program called Pandemic Unemployment Assistance (PUA) that in general provides up to 39 weeks of unemployment benefits, and provides funding to states for the administration of the program." U.S. Dep't of Labor, Unemployment Insurance Program Letter No. 16-20, Unempl. Ins. Rep. (CCH) ¶ 22,458, 2020 WL 2146515 (April 5, 2020). Under the Act, the Secretary of Labor "shall provide to any covered individual unemployment benefit assistance while such individual is unemployed, partially employed, or unable to work for the weeks of such unemployment

2

with respect to which the individual is not entitled to any other employment compensation . . . or waiting period credit." The CARES Act, Pub. L. No. 116-136, § 2102(b), 134 Stat. 281 (2020).

A "covered individual" eligible to collect PUA benefits is an individual who (1) "is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation," and (2) self-certifies that she is "otherwise able to work and available for work within the meaning of applicable State law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because" of one of the listed reasons related to the COVID-19 pandemic. CARES Act § 2102(a)(3)(A).

The PUA program extended economic assistance to people who lost work due to the pandemic but would not be eligible for regular unemployment-compensation benefits. As the U.S. Department of Labor (USDOL) has explained, "PUA is a benefit of last resort for anyone who does not qualify for other [unemployment-compensation] programs and who would be able and available to work but for one or more of the COVID-19 related reasons listed in section 2102 of the CARES Act." UIPL 16-20 Change 1, Attachment 1 § (E)(33) Unempl. Insur. Rep. (CCH) ¶22,460, 2020 WL 5211756 (Apr. 27, 2020). The USDOL issued guidance on how to administer the PUA program in UIPL 16-20 and six subsequent UIPLs referred to as Changes 1–6. Relevant to this appeal, Change 5 to UIPL 16-20 provided the following additional circumstances when an individual is directly affected by the COVID-19 public-health emergency:

> (1) individuals who refuse to return to work that is unsafe or to accept an offer of new work that is unsafe;

3

(2) certain individuals providing services to educational institutions or educational service agencies; and

(3) individuals experiencing a reduction of hours or a temporary or permanent layoff.

Change 5, § 3(a) (Feb.25, 2021), available at https://wdr.doleta.gov/directives/attach/UIPL/UIPL_16-20_Change_5.pdf.

Our standard of review in unemployment-insurance cases is well settled. We do not conduct de novo reviews in appeals from the Board. *Keener v. Dir.*, 2021 Ark. App. 88, 618 S.W.3d 446. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id*. We accept the Board's findings of fact as conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. Even when there is evidence on which the Board might have reached a different decision, our scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered on the basis of the evidence presented. *Id*. We defer credibility calls to the Board as the finder of fact as well as the weight to be accorded to testimony presented to the Board. *Id*. While our role in these cases is limited, we are not here to merely ratify the decision of the Board. *Id*. Instead, our role is to ensure that the standard of review has been met. *Id*.

Here, the undisputed record established that Soler worked for Ouachita Hills University in a year-round position, and she was furloughed because the COVID-19 pandemic interrupted the university's summer fundraising efforts, resulting in the school's not having enough money to pay all of its employees' salaries. The Board's finding that

4

Soler's separation from work was not a direct result of the COVID-19 pandemic is not supported by substantial evidence insofar as it was erroneous for the Board to summarily deny Soler's claim on the basis of an earlier determination and disregarding the record before it.

Accordingly, we remand for the Board to reconsider Soler's claim on the merits and in light of the guidance in Change 5 providing assistance to those facing reductions of hours or temporary or permanent layoffs as a result of the pandemic.

Reversed and remanded.

GRUBER and VAUGHT, JJ., agree.

*Martha Soler*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.