Cite as 2023 Ark. App. 50

# ARKANSAS COURT OF APPEALS

DIVISION IV
№ E-22-390

|  |  |  |
|---|---|---|
| DANIEL CARMAN | | Opinion Delivered February 8, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS |
| V. | | BOARD OF REVIEW |
| | | [NO. 2021-BR-05605] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES; AND DEWAYNE HIGGINS TRUCKING CO., INC. | | |
| | APPELLEES | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Daniel Carman appeals the Arkansas Board of Review's (the "Board's") decision disqualifying him from unemployment benefits under Arkansas Code Annotated Section 11-10-507(3)(A) (Supp. 2021) on the basis of its finding that he was not able and available to perform suitable work. We affirm.

Carman was seventy-two years old and an over-the-road truck driver for Dewayne Higgins Trucking Company when the COVID-19 pandemic began. His last day working was March 28, 2020, and he applied for regular unemployment benefits on April 6, 2020. In his application, he cited his separation from work as "Laid Off: Lack of Work." He stated that he could begin work immediately and that he had not refused any job since he became unemployed. His employer responded to the claim, alleging that Carman did not want to work due to the

coronavirus. The Arkansas Division of Workforce Services (the "Division") began paying Carman weekly benefits for the week ending April 11.

Over a year later on June 3, 2021, Carman completed an able-and-available statement providing that he was not "able and available for work from April 20 through July 30, 2020" due to his "COPD and heart trouble." He stated that he would not have reported to work during this period if work had been available. He explained that he was unable to work due to the pandemic and the CDC's warning that individuals with medical conditions should "self-quarantine."

On October 19, 2021, the Division issued a notice of agency determination to the parties disqualifying Carman from receiving unemployment benefits under section 11-10-507(3)(A) on the ground that he was not available for suitable work for personal reasons. Carman filed a timely appeal of the notice to the Appeal Tribunal (the "Tribunal"), which conducted a hearing on November 11.

The hearing officer framed the issue to be decided as whether Carman was unemployed, physically and mentally able to perform suitable work, available for such work, and doing those things a reasonably prudent individual would be expected to do to secure work as required by section 11-10-507(3)(A). The only testimony presented was from Carman, who admitted that he was not available to work during the relevant time period "because of the pandemic, my health." He testified that his employer provided no masks, gloves, or hand sanitizer and that his wife, who worked in a pharmacy at the time, was also unable to get supplies. He said that he did not take medical leave but simply told his employer that it was not safe for him to work because of his COPD and heart condition.

Following the hearing, the Tribunal affirmed the Division's determination, specifically finding that Carman was unavailable to work—and consequently ineligible for benefits—from April 5 through August 1, 2020, "due to having personal health issues and could not be exposed to COVID-19." The Tribunal also found that Carman's employer failed to accommodate him with proper safety items for protection from COVID-19 to perform his job duties.

Carman timely appealed the Tribunal's decision to the Board and included two additional items with his petition for appeal. The first is a letter to Carman and "to whom it may concern" from his nurse practitioner stating that Carman was off work during the relevant time period because he has multiple medical conditions putting him at a high risk for complications related to COVID-19. The second item is a letter to the Board from Carman alleging that he was eligible for "PUA through the CARES Act."[1] The Board issued a decision on June 2, 2022, affirming and adopting the Tribunal's decision as its own. The Board then referenced Carman's PUA argument in the following paragraph:

> The Board notes the claimant's appeal to the Board in which he references the application of the CARES Act § 2102(a)(3)(A) to his claim for benefits. This matter involves a claim for regular unemployment insurance benefits, which is a separate process. As such, any claims relying on the CARES Act are not currently before the Board and cannot be considered in this decision. The claimant was unavailable for work during the period in question. Therefore, the claimant was not able and available to perform suitable work.

Carman filed a timely appeal of this decision.

---

[1]PUA, Pandemic Unemployment Assistance, is one of several federal financial-assistance programs created by the federal government during the COVID-19 pandemic. *See* Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) (codified at 15 U.S.C. § 9021 to § 9034).

We affirm the decision of the Board when it is supported by substantial evidence. *Hourston v. Dir.*, 2022 Ark. App. 142, at 4. Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Id.* We view the evidence and all reasonable inferences in the light most favorable to the Board's findings. *Id.* Even if the evidence could support a different decision, our review asks whether the Board could have reasonably reached its decision on the basis of the evidence presented. *Cely v. Dir.*, 2022 Ark. App. 384, at 3, 653 S.W.3d 394, 397. The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Higgins v. Dir.*, 2016 Ark. App. 449, at 6, 503 S.W.3d 833, 837.

The primary issue before us is whether substantial evidence supports the Board's decision that Carman was ineligible for benefits from April 5 through August 1, 2020, because he was unavailable for work. In order to be eligible to receive benefits, a worker must be unemployed, physically and mentally able to perform suitable work, and "available for the work." Ark. Code Ann. § 11-10-507(3)(A). Here, Carman filed an able-and-available statement specifically stating that he was unavailable to work during the relevant time period due to personal health issues during the COVID-19 pandemic. His own testimony confirmed this at the hearing. And he does not dispute on appeal that he was unavailable to work from April 5 through August 1, 2020. This is substantial evidence that supports the Board's decision.

Carman notes in his brief that under section 11-10-507(3)(G), no individual shall be considered "unavailable" if, during the entire week, he is "required to withdraw from the labor market for less than four days of the week because of a compelling personal emergency." To the extent Carman is attempting to apply this exception as an argument for reversal, we decline to

4

address it. Carman did not make this argument below, and we do not consider issues raised for the first time on appeal. *Rossini v. Dir.*, 81 Ark. App. 286, 288, 101 S.W.3d 266, 268 (2003).[2]

Carman devotes considerable argument to Arkansas Code Annotated section 11-10-513, which governs disqualification for voluntarily leaving work. Because he was not found ineligible for benefits under this section, it is not applicable to the issues on appeal.

We turn now to Carman's argument challenging the Board's determination that the CARES Act is inapplicable to his unemployment claim. He contends that the CARES Act applies because he received Federal Pandemic Unemployment Compensation (FPUC) benefits and because he is entitled to PUA benefits due to his underlying health conditions and the increased risks he would face if infected by the coronavirus.

Carman is correct that he received FPUC benefits under the CARES Act. FPUC benefits were paid by the federal government to states that entered into an agreement with the Secretary of Labor under the CARES Act, which Arkansas did. 15 U.S.C. § 9023(a), (b)(1). The states then distributed the FPUC payments—$600 each week during the time relevant to this appeal— to individuals "otherwise entitled under the State law to receive" regular unemployment compensation. 15 U.S.C. § 9023(b)(1), (b)(3). The record reflects that Carman's weekly benefits included $306 in state unemployment benefits and $600 in FPUC benefits. However, as stated earlier, the Board found, and we have affirmed herein, that Carman was unavailable for work and thus ineligible for benefits under section 11-10-507(3)(A), which includes state unemployment compensation benefits and FPUC benefits.

_____

[2]We note that Carman was not unavailable for only four days of any week but for sixteen consecutive weeks.

The Board's finding that the CARES Act does not apply to Carman's claim is not related to his receipt of FPUC benefits. Rather, the Board's finding relates to Carman's claim below and on appeal that he is entitled to PUA benefits under the CARES Act § 2102(a)(3)(A). The Board found that Carman's claim was for regular unemployment only and that his claim for PUA benefits was not before the Board and could not be considered in this claim. Substantial evidence supports these findings.

Nothing in the record on appeal indicates that Carman filed a claim for PUA benefits, which must be filed and processed separately from a claim for state unemployment benefits. *Wright v. Dir.*, 2022 Ark. App. 222, 646 S.W.3d 150. Indeed, one of the prerequisites for filing a successful claim for PUA is that the individual is not eligible for regular unemployment compensation. *Soler v. Dir.*, 2022 Ark. App. 37, at 3 (discussing in detail the PUA program). This appeal originates from Carman's filing for regular state employment benefits only.[3]

For the reasons stated above, we affirm the Board's decision.

Affirmed.

GRUBER and HIXSON, JJ., agree.

*DeeAnna Weimar*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee director, Division of Workforce Services.

---

[3]We express no opinion regarding Carman's eligibility for PUA benefits under the CARES Act.