Cite as 2023 Ark. 100

# SUPREME COURT OF ARKANSAS

**No.** CV–22–636

|  |  |
|---|---|
| VICTOR BERNARD WILLIAMS, M.D. <br> APPELLANT <br><br> V. <br><br> BAPTIST HEALTH D/B/A BAPTIST HEALTH MEDICAL CENTER, ET AL. <br> APPELLEES | **Opinion Delivered:** June 8, 2023 <br><br> APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-14-808] <br><br> HONORABLE TIMOTHY DAVIS FOX, JUDGE <br><br> <u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

This appeal is from a circuit court's award of attorneys' fees after a medical doctor unsuccessfully sued a hospital following its revocation of his medical-staff and surgical privileges. The doctor challenges whether the timing of the attorneys'-fees award was defective, whether the hospital's noncompliance with its bylaws negated his attorneys' fee liability, and whether the court entered the award amount prematurely. We affirm because we conclude the attorneys' fees request was timely, the hospital's compliance with the bylaws was law of the case, and the circuit court followed the applicable rules and acted within its discretion in entering its order.

## I. *Factual Background*

Dr. Victor Williams sued Baptist Health and others after his medical-staff membership and surgical privileges were terminated. The termination stemmed from allegations that Dr. Williams—a surgeon—provided care that fell short of standard surgical

practice. The circuit court dismissed all of Dr. Williams's claims. Most were dismissed by summary judgment in 2015 and 2016. One final claim went to a bench trial, and the circuit court dismissed that claim by an order entered in April 2017. On appeal, we affirmed the bulk of the circuit court's rulings but remanded on three claims because of a discovery error. *Williams v. Baptist Health*, 2020 Ark. 150, at 13, 598 S.W.3d 487, 497 ("*Williams I*").

On remand, the circuit court dismissed the remaining claims with prejudice. The court entered its order on April 14, 2022. Baptist Health Defendants[1] filed a motion for attorneys' fees and costs on April 28. The motion cited an agreement signed by Dr. Williams when he first applied for medical-staff privileges at Baptist Health. The agreement set out that Dr. Williams would reimburse Baptist Health and its representatives for attorneys' fees if he brought a lawsuit that largely did not succeed:

> I agree that in the event I institute litigation against any Baptist Health facility and/or representative and the relief and/or damages I request in such litigation are not granted or substantially granted by final judgment of a court of competent jurisdiction, then I will reimburse the Baptist Health facility and all representatives who are defendants in such action for reasonable attorney's fees and other reasonable expenses incurred by them in the defense of such litigation.

Dr. Williams objected to the fee request. He first argued that Baptist Health Defendants' request was untimely. He contended they should have moved for fees when the circuit court dismissed his sole claim that went to a bench trial in April 2017 rather than waiting until a final judgment after remand following his appeal. Dr. Williams also argued

---

[1]Baptist Health d/b/a Baptist Health Medical Center and these individuals are referred to collectively as Baptist Health Defendants: Doug Weeks, Tim Burson, M.D.; Scott Marotti, M.D.; Frederick A. Meadors, M.D.; Robert Casali, M.D.; T. Robert Moffett, M.D.; Susan Keathley, M.D.; William Everett Tucker, Jr., M.D.; and Chris Cate, M.D.

that Baptist Health violated its bylaws and breached its agreement with Dr. Williams, thus precluding the recovery of attorneys' fees. Dr. Williams also requested that the court give him a chance to make adversary submissions. Yet Dr. Williams submitted no adversary evidence—such as depositions or affidavits—and never asked the circuit court for a hearing.

Baptist Health Defendants replied on May 19. No other filings were submitted. The motion thus being ripe for decision, on June 24, the circuit court granted Baptist Health Defendants' motion. In its order, the court considered and applied the relevant factors bearing on a reasonable attorneys' fee award. *See Chrisco v. Sun Indus.*, 304 Ark. 227, 800 S.W.2d 717 (1990). The court then awarded Baptist Health Defendants $465,240 in attorneys' fees and $23,860.66 in costs. Dr. Williams appealed and makes the same three arguments to us that he made to the circuit court.

## II. *Law and Analysis*

### A. Timeliness

Generally, a party seeking attorneys' fees must file and serve a motion "no later than 14 days after entry of judgment." Ark. R. Civ. P. 54(e)(2). A "judgment" under Rule 54 is "one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy." *Worsham v. Day*, 2019 Ark. 160, at 5, 574 S.W.3d 150, 153. "This court has consistently interpreted Ark. R. Civ. P. 54(e) to be applicable only upon an entry of judgment that finally concludes the controversy for which attorneys' fees are sought." *Id*. at 5, 574 S.W.3d at 153–54. When an appellate court remands a case for further proceedings on a claim, a Rule 54 judgment arises only after the circuit court disposes of the remanded claim. *See Jones v. Flowers*, 373 Ark. 213, 218, 283 S.W.3d 551,

3

555 (2008). "A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59." Ark. R. Civ. P. 54, Rpt. Notes 1997. The Rule 54 judgment was entered on April 12, 2022. This is when the circuit court fully resolved all claims in Baptist Health Defendants' favor after our remand in *Williams I*. Because the motion for attorneys' fees was filed on April 28, it fell within the fourteen-day period and was timely.

### B. Liability for Attorneys' Fees

Dr. Williams next argues that Baptist Health Defendants were not entitled to attorneys' fees under the agreement. Dr. Williams argues that Baptist Health failed to comply with medical-staff bylaws while terminating his medical-staff membership and surgical privileges, thus negating his liability for attorneys' fees under the agreement.

But in *Williams I*, we rejected the argument that Baptist Health failed to follow its bylaws. "[W]e agree with the circuit court that the actions taken by Baptist Health appellees with respect to Dr. Williams's administrative-review proceedings substantially complied with Baptist Health's bylaws and professional-staff rules." *Williams I*, 2020 Ark. 150, at 19, 598 S.W.3d at 500. This holding has become law of the case. It has preclusive effect both upon the circuit court on remand and upon an appellate court on subsequent review. *See Clinical Study Centers, Inc. v. Boellner*, 2012 Ark. 266, at 4, 411 S.W.3d 695, 698. We cannot revisit this ruling now.[2]

---

[2]To the extent Dr. Williams has tried to raise a separate issue about mutuality of obligations, he failed because it remained dependent entirely on his argument that Baptist Health failed to comply with its bylaws. *See* Appellant's Brief at 23 ("Since the Baptist Appellees failed to comply with . . . the specific medical staff bylaw provisions . . . the

## C. Two-Stage Decision

Last, Dr. Williams argues that the circuit court should have decided whether he was liable for attorneys' fees first and then allowed him to later make adverse submissions as permitted by Rule 54(e)(3). But the rule doesn't require courts to make attorneys'-fees decisions in two stages. Rather, "the court may determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed by the court." *Id.*

Rule 54(e) cross-references Rule 43(c) and Rule 78, giving circuit courts the flexibility to handle the matter either by motion or with a hearing. Rule 43(c) allows the court to consider both affidavits and deposition testimony when resolving a motion based on facts absent from the record. And Rule 78(c) discusses, in part, the circumstances in which the court "*may* hold a hearing on a motion" (emphasis added); yet if a hearing is not requested, "a hearing will be deemed waived and the court may act upon the matter without further notice."

It appears from Dr. Williams's brief that he thinks we should reverse and remand for the circuit court to reconsider his liability for attorneys' fees and then also allow him the chance to make adverse submissions about the reasonableness of Baptist Health's fee request, which he failed to do initially. Yet Baptist Health Defendants filed a motion for attorneys' fees with over two hundred pages of supporting fee documentation. Dr. Williams's response did not seek a hearing or directly contest the itemized fee documentation. He did not

---

attorney fee provisions . . . should be void and unenforceable as there was no mutuality of obligations.").

5

analyze and suggest how application of the *Chrisco* factors would negate or lessen the requested fees. Nor did Dr. Williams submit additional evidence, such as affidavits or depositions, that would impact the circuit court's decision on attorneys' fees. Instead, Dr. Williams asked the court to reach the liability issue first and then allow him to submit adversary documentation.

Our rules do not oblige the circuit court to grant this request. The plain language of Rule 54 provides that a circuit court *may* determine issues of liability before receiving submissions, not that it *shall*. This language is permissive, not mandatory. Nor do the rules require that the circuit court hold a hearing when one is not requested. Again, the language from the rule is permissive, not mandatory: "The court, upon notice to all parties, *may* hold a hearing on a motion . . . ." Ark. R. Civ. P. 78(c) (emphasis added). And if no hearing is requested, then a hearing will be deemed waived. *Id.*

If Dr. Williams wanted to submit adversary documentation, he should have done so in the months following the motion for attorneys' fees or requested a hearing and presented it then. Instead, he simply responded to Baptist Health Defendants' motion with procedural arguments that did not directly challenge Baptist Health's substantive request for fees. By the time the circuit court entered its ruling granting attorneys' fees, the motion was ripe for decision. We have said before that we will not let a party remain silent on attorneys' fees and decline to take full opportunity when the matter is squarely before the circuit court. *See Hargis v. Hargis*, 2019 Ark. 321, at 6, 587 S.W.3d 208, 211–12.

Last, Dr. Williams has not challenged the award amount specifically, nor has he asserted that the circuit court abused its discretion in the application of the *Chrisco* factors.

Given our standard of review, which is abuse of discretion, we affirm the circuit court's attorneys' fee award on this record. *See KBX, Inc. v. Zero Grade Farms*, 2022 Ark. 42, at 26, 639 S.W.3d 352, 368 (describing standard of review).

Affirmed.

*Andre K. Valley*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Byron Freeland* and *Audra K. Hamilton*, for appellees.