Cite as 2024 Ark. App. 493

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. E-23-268

| | |
|---|---|
| DANIEL CARMAN<br><br>APPELLANT<br><br>V.<br><br><br>DIRECTOR, DIVISION OF WORKFORCE SERVICES; AND DEWAYNE HIGGINS TRUCKING CO., INC.<br><br>APPELLEES | Opinion Delivered October 9, 2024<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2023-BR-00284]<br><br><br><br><br><br>AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Daniel Carman appeals from the Arkansas Board of Review's (the "Board's") decision that he is liable for repaying Federal Pandemic Unemployment Compensation ("FPUC") benefits[1] in the amount of $9,600. Carman argues that the Board's decision is arbitrary, capricious, and not based on the law and evidence presented. We affirm the Board's decision.

The facts and procedural history of this case were detailed in our previous opinions. *See Carman v. Dir.*, 2023 Ark. App. 50, 661 S.W.3d 678 (*Carman I*); *Carman v. Dir.*, 2023 Ark. App. 51, 660 S.W.3d 852 (*Carman II*). Of particular relevance to this appeal, the

---

[1]15 U.S.C. § 9023.

Division disqualified Carman from receiving state and federal benefits because he was unavailable to work due to personal health issues regarding exposure to COVID-19. The Appeal Tribunal and then the Board affirmed the Division's determination. We affirmed the Board's decision that Carman was not "able and available to perform suitable work" and thus ineligible for benefits in *Carman I*, 2023 Ark. App. 50, at 1, 661 S.W.3d at 679.

As a result of the determination disqualifying Carman from receiving benefits, the Division determined Carman was liable for repayment of $14,496—$4,896 in state benefits and $9,600 in FPUC. His appeal requesting a waiver of the repayment of these benefits was denied by the Board, and Carman appealed the decision to us. We affirmed the Board's decision requiring Carman to repay the state unemployment benefits, but we remanded for the Board to "make findings of fact and conclusions of law regarding whether the FPUC payments were made without the fault of Carman and whether repayment would be contrary to equity and good conscience," justifying a waiver of the requirement to repay the FPUC benefits. *Carman II*, 2023 Ark. App. 51, at 9, 660 S.W.3d at 858.

On remand, the Board found Carman was at fault in causing the overpayment of FPUC benefits, was not entitled to a waiver of repayment, and was liable to repay them. The sole issue in this appeal is whether the Board's decision denying the federal-benefits waiver is supported by substantial evidence.[2]

---

[2]We note that Carman argues that the Board's decision is arbitrary, capricious, and not based on the law and evidence presented. We use the arbitrary-and-capricious standard of review when we review an appeal that is governed by the Administrative Procedure Act ("APA"). *Mills v. Ark. Loc. Police & Fire Ret. Sys.*, 2024 Ark. App. 279, at 5, 688 S.W.3d 485,

Our standard of review in unemployment-insurance cases is well settled. We do not conduct de novo reviews in appeals from the Board. *Keener v. Dir.*, 2021 Ark. App. 88, at 1, 618 S.W.3d 446, 448. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.*, 618 S.W.3d at 448. We accept the Board's findings of fact as conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.*, 618 S.W.3d at 448. Even when there is evidence on which the Board might have reached a different decision, our scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered on the basis of the evidence presented. *Id.* at 1–2, 618 S.W.3d at 448. We defer to the credibility calls of the Board as the finder of fact as well as the weight to be accorded to testimony presented to the Board. *Id.* at 2, 618 S.W.3d at 448. While our role in these cases is limited, we are not here to merely ratify the decision of the Board. *Id.*, 618 S.W.3d at 448. Instead, our role is to ensure that the standard of review has been met. *Id.*, 618 S.W.3d at 448.

---

489. The APA provides that an agency decision may be reversed or modified if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decision are not supported by substantial evidence or are arbitrary, capricious, or characterized by an abuse of discretion. Ark. Code Ann. § 25-15-212(h) (Repl. 2024). Although this appeal is not governed by the APA, when the agency's decision is supported by substantial evidence, it automatically follows that it cannot be classified as unreasonable or arbitrary. *Collie v. Ark. State Med. Bd.*, 370 Ark. 180, 186, 258 S.W.3d 367, 371 (2007).

To justify a waiver of repayment, the federal-benefit-waiver analysis requires two findings: (1) that the payment was without fault on the part of the worker and (2) that repayment would be contrary to equity and good conscience. 15 U.S.C. § 9023(f)(2). The Board denied Carman's request for a waiver because it found that he represented that he was able and available for suitable work when he was not able and available for work and thus that he was at fault for the overpayment. Because it found Carman at fault, the Board did not make findings regarding equity and good conscience.

On appeal, Carman contends that he was unable to work due to health concerns related to COVID-19, which he claims makes him a "covered individual" under the Pandemic Unemployment Assistance (PUA) program. Specifically, he argues that his employer failed to provide the necessary safety equipment for him to perform his job duties, and because he is a covered individual under the PUA, it was not his fault that he was unavailable to work or that benefits were erroneously paid to him.

As we stated in *Carman I*, the federal benefits paid to Carman were not PUA benefits but FPUC benefits. *Carman I*, 2023 Ark. App. 50, at 5–6, 661 S.W.3d at 682. Moreover, the Division made a determination that Carman was disqualified from receiving the state and FPUC benefits in this case because he represented that he was able and available for work when he was not able and available. This determination was affirmed by the Appeal Tribunal, the Board, and this court. *Carman I*, 2023 Ark. App. 50, 661 S.W.3d 678. Accordingly, it is law of the case, and we cannot revisit it. *Williams v. Baptist Health*, 2023 Ark. 100, at 4, 668 S.W.3d 470, 474 (holding an appellate decision establishes law of the

4

case and has preclusive effect both upon the circuit court on remand and upon an appellate court on subsequent review).

We hold that substantial evidence supports the Board's finding that Carman was at fault for causing the overpayment; therefore, we need not address the principles of equity and good conscience. We affirm the Board's decision requiring Carman to repay $9,600 in FPUC benefits.

Affirmed.

BARRETT and HIXSON, JJ., agree.

*DeeAnna Weimar*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.